17940

Frank HAMPTON *et al.,* citizens and residents of the County of Richland, owning real and personal property in School District Number One of Richland County, for themselves and all others similarly situated, Appellants, v. James L. DODSON *et al.,* constituting the members of the Richland County Board of Assessment Control, *et al.,* Respondents.

(126 S. E. (2d) 564)

*Messrs. Going & Going,* and *Fulmer, Barnes & Verner,* of Columbia, *for Appellants,*

534

*Messrs. Charles B. Elliott,* of Columbia, *for all the respondents except Guy A. Pitts, Treasurer of the City of Columbia, R. A. Feagan, Richland County Auditor* and *Joe E. Berry, Treasurer of Richland County, John W. Sholenberger* and *Edward A. Harter, Jr.,* of Columbia, *for the Respondent,*

*Messrs. Going & Going* and *Fulmer, Barnes & Verner,* of Columbia, *for Appellants,*

July 5, 1962.

BUSSEY, Justice.

In this action the appellants, taxpayers in School District No. 1 of Richland County for themselves and all others similarly situated, seek to enjoin the respondents from proceeding with a real estate reassessment program in the said School District No. 1. The respondents are the members of the Richland County Board of Assessment Control, the Richland County Board of Assessment Appeals, the Tax Assessor for Richland County School District No. 1, and other public officials directly or indirectly concerned with the program.

The complaint alleges two causes of action. In the first cause of action appellants assail the constitutionality of Acts Nos. 952, 968 and 976 of the 1958 Acts of the General Assembly of South Carolina on various grounds and seek an

injunction against the reassessment of property in said School District No. 1, undertaken pursuant to and following the enactment of said Acts. In the second cause of action the appellants contend that even if the Acts of the Legislature referred to in the first cause of action are valid and in harmony with the Constitution on their face, the administration of the said Acts violates the constitutional rights of the appellents, and on that ground seek to enjoin the respondents from proceeding with the reassessment program.

The answers of the respondents denied all of the material allegations of the complaint, and in addition plead in support of their position Act No. 557 of the 1960 Acts of the General Assembly of South Carolina and certain orders of the South Carolina Tax Commission ordering a reassessment of real estate in School District No. 1 of Richland County pursuant to Sec. 65-64 (15) of the 1952 Code of Laws.

The cause was referred to the Master of Richland County who took considerable testimony and filed a comprehensive report in which he went fully into the factual situation and all legal and constitutional issues before him, and concluded and recommended that the complaint of the appellants be dismissed. Upon exceptions to the Report of the Master the circuit court, with certain minor modifications, affirmed the findings of fact and conclusions of law on the part of the Master and made the same the order and judgment of the court. The appeal here is from the order of the circuit court affirming the Master's Report.

Richland County has four school districts, numbers 1, 2, 5 and 6. Of the 765 square miles in the county, 130 square miles (or about 17% of the entire area of the county) are embraced in School District No. 1, which includes the City of Columbia. The figures for 1960 show that approximately 89.6% of the assessed value of all real estate in the county is located in School District No. 1, this action having been commenced on April 13, 1960.

It fairly appears from the record that in 1960, and for some time prior thereto, gross inequities and inequalities existed with respect to the assessment of real estate in School District No. 1. Act No. 952 of the 1958 Acts, here under attack, created the Richland County Board of Assessment Control; gave said board certain duties and powers with respect to the assessment of all taxable property within School District No. 1, only of Richland County; provided for the employment of certain personnel, and particularly for a tax assessor for School District No. 1 to be employed by the board; and transferred to said tax assessor all powers, duties and privileges of the Board of Tax Assessors, Board of Township Assessors and chairmen of boards of assessors so far as they related to the assessment and valuation of property in School District No. 1, subject, however, to policies determined by the Board. Said Act also created the Richland County Board of Assessment Appeals with countywide jurisdiction and transferred to said board the powers and duties of the Richland County Board of Equalization.

Act No. 968 amended various sections of the 1952 Code so far as to fully effect the change of duties and powers to the new boards and the assessor created by Act No. 952. The appellants in their brief abandoned all questions as to the constitutionality of Act No. 968. Act No. 976 primarily made certain provisions for the returns of real estate and improvements for the purpose of taxation in Richland County.

In an effort to bring about the desired equalization of taxes on real property within School District No. 1 of Richland County, the South Carolina Tax Commission issued three orders, dated respectively September 9, 1958, August 4, 1959 and March 4, 1960. While there are some differences in said orders, the principal reason for the successive orders was that it became necessary to extend the time in which the reassessment was to be completed. The final order extended the time of final completion to January 1, 1962, and further ordered the completed tax rolls delivered to the Richland County Auditor prior to March 1, 1962. All of these orders were is-

sued pursuant to the provisions of Section 65-64 (15) of the 1952 Code, which reads as follows:

"65-64. Powers of Commission.

"The Commission shall have and exercise all the powers conferred by law upon the former State Board of Equalization and upon the former State Board of Assessors prior to February 20, 1915 and:  *  *  *

"(15) Shall order reassessment of real and personal property, or any class or classes of either, in any assessment district when, in the judgment of the Commission, such reassessment is advisable or necessary to the end that all classes of property in such assessment district shall be assessed in compliance with the law and for that purpose may require the assessors making the original assessment to make such reassessment or, if the Commission deem it advisable, it may appoint a special county assessor and deputy assessors under him to reassess all or any real or personal property, or any class or classes of either, in any assessment district, whether or not the same has been equalized by any board, the county board of equalization or the Commission;"

Pursuant to the order of the Tax Commission of September 9, 1958, and the Acts of the Legislature hereinabove referred to, the reassessment of real estate within School District No. 1 of Richland County was undertaken. The Board of Assessment Control, as authorized by Act No. 952, employed a tax assessor and certain other trained personnel who, in a scientific manner, commenced evaluation of all real property within School District No. 1.

These trained appraisers, in evaluating or appraising real property in School District No. 1 preparatory to arriving at final assessment figures, considered numerous elements such as comparable sales, cost, original cost less depreciation, replacement cost, income, highest and best use of the property, etc. None of these elements are being considered controlling as to the final assessment figures but are being used, according to the undisputed testimony, merely as approaches to the

fair valuation of all real property within the district and as an aid to arriving at final assessment figures which will as nearly as possible equalize assessments not only within School District No 1, but equalize them with respect to real property in districts other than District 1.

No reassessment program is being undertaken with trained appraisal personnel in other school districts of Richland County.

While sundry constitutional questions are raised, the gravamen of the complaint of the appellants is as follows:

1. That while the method by the respondents in assessing property in School District No. 1 "may be considerably more scientific, more logical, more efficient and even more plausible or reasonable" such efficiency will result in the unequal valuation and assessment of property for tax purposes in School District No. 1 and that as a result, taxpayers of School District No. 1 will bear a greater burden with respect to county-wide millage than will taxpayers in other districts in the county.

2. That the tax money being expended for the reassessment program within School District No. 1 is being illegally and unconstitutionally expended.

3. That all of the taxpayers of Richland County and particularly the taxpayers of School District No. 1 are being discriminated against with respect to the required returns of real estate for the purpose of assessment.

The Transcript of Record contains nineteen exceptions to the order of the circuit court, and the appellants in their brief set forth and argue twenty-two questions. Some of the nineteen exceptions have been expressly abandoned and others have been abandoned by the failure of appellants to argue the same in their brief.

Under these circumstances, it is not easy to concisely state the issues which are properly before this court on appeal, but, in the view that we take of the matter, it is not necessary

to do so. It is important, however, to point out certain issues that are not before this court.

The appellants have expressly abandoned all exceptions challenging the constitutionality of Act No. 968, and frankly state that "We have no quarrel with Act 952 of that year if its title is sufficient, so far as it sets up a Board of Assessment Control and provides for employment of a tax assessor and assistants."

Exception No. 17 is the only exception which challenges the findings of fact of the Master, concurred in by the circuit judge, and that exception has been abandoned by the appellants since the same has not been argued in their brief. Although the said exception has been abandoned, we have carefully reviewed the evidence and find that all of the findings of fact by the Master concurred in by the circuit judge are completely supported by the record.

With respect to the first and principal contention of the appellants, the constitutional and statutory provisions which principally govern the decision here are as follows:

Article I, Section 6 of the Constitution provides:

"All property subject to taxation shall be taxed in proportion to its value."

Article III, Section 29 provides:

"All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an assessment made for the purpose of laying such tax."

Article X, Section 1 provides:

"The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property, real, personal and possessory."

Code Section 65-1648 provides:

"All property shall be valued for taxation at its true value in money, which * * * shall be held to be as follows to wit:

* * * and for real property, the usual selling price on the usual terms of similar property at sales for partition under the order of the court, at the place where the return is to be made. If there is no usual selling price, then such property shall be valued at what is honestly believed could be obtained for it at a fair sale under the conditions before mentioned."

Although it is clear that the trained personnel working on the reassessment program were using aforementioned appraisal approaches (as a guide to the valuations) provided for by Section 65-1648, the Master and the lower court found as a matter of fact that the assessor and the assessing authorities for School District No. 1 were complying with the general statutory law with respect to the valuation and assessment of property; that all of the four districts in Richland County were governed by the same statutory law with respect thereto; that the assessing authorities in School District No. 1, under the statutes assailed in this case, were required to follow and were following the general statutory law with respect to the valuation and assessment of property; that the Board of Assessment Control had not adopted any rules, regulations or policies and that the assessor of said School District was not acting under any rules, regulations or policies inconsistent with the general statutory law. Since the reassessment program was not to be completed until January 1962, no actual assessment had been placed upon any real property in School District No. 1 under the reassessment program at the time that the cause was before the lower court.

In brief, the Master and the lower court found and held that the evidence disclosed no violation of the appellants' constitutional rights as taxpayers of School District No. 1, and, as above stated, the only exception challenging any finding of fact by the lower court has been abandoned.

With respect to the second contention of the appellants, the Master, after quoting from Section 65-64(15) of the 1952 Code, had the following to say:

"Under this Section of the Code it appears that the powers of the Tax Commission are very comprehensive and the Tax Commission can order such reassessment whenever in its judgment reassessment is advisable. So, in addition to the powers accorded by the statute, the defendants above named rely also upon the ample powers accorded to the Tax Commission under this statute, and under the three Orders. I see no escape from the conclusion that these Orders of the Tax Commission are valid in every respect and constitute an independent ground of decision."

No exception on the part of the appellants challenges this conclusion of the Master, affirmed by the lower court. Therefore, with reference to the expenditure of tax money for the reassessment program in School District No. 1, the alleged unconstitutionality of the Acts in question has no bearing since the reassessment program is being carried out in compliance with the general law, and the expenditure of tax money for this purpose is necessary and proper under the orders of the Tax Commission, independently of the Acts complained of.

With respect to the third contention of the appellants, the Master and the lower court held that Act No. 201 of the 1959 Acts of the General Assembly provided for the return of all property for taxation annually; that said Act superseded and was controlling over anything to the contrary in Acts Nos. 952 and 976 of the 1958 Acts. This correct holding on the part of the lower court adequately and correctly disposes of appellants' third contention.

The appellants also challenge Act No. 557 of the Acts of the General Assembly of 1960 which, *inter alia*, provided that, with the exception of the addition of property not theretofore taxed, new construction, renovations, etc. taking place during the reassessment period, "Upon the completion of property assessment in School District No. 1 as of the final date ordered by the South Carolina Tax Commission, the total value of the reassessed property in the district shall

not exceed by more than one per cent the total value of the assessed property prior to the reassessment."

Although the Act was plead by some of the respondents, no issue as to its constitutionality was raised before the Master and the attack here upon the same is untimely. "It is a general rule applicable in civil cases that a constitutional question must be raised at the earliest opportunity, or it will be considered as waived." 12 C.J. 785; See also 16 C.J.S. Constitutional Law § 96; *Salley v. Mc-Coy,* 186 S. C. 1, 195 S. E. 132; *Hurst v. Sumter County,* 189 S. C. 376, 1 S. E. 2d 238.

Even if the issue had been timely raised, it seems clear that the purpose of this Act was to further insure equality of treatment of the taxpayers of School District No. 1. While the Act refers only to District No. 1, its provisions also tend to insure equality of treatment as between the taxpayers of District No. 1 and the taxpeyers of the other school districts of Richland County. The evidence discloses that the said Act is being so construed and applied by the respondents. It follows that the appellants here are not prejudiced by said Act.

In this connection it was pointed out by the Master and affirmed by the lower court that if upon completion of the reassessment program there should exist any inequality of treatment between the several districts in Richland County, any aggrieved taxpayer would have exactly the same remedy which he had prior to the passage of the Acts in question.

The legislation here under attack relates only to the assessment of property for tax purposes; purports to correct inequities as among taxpayers of School District No. 1 now found to exist in the assessment of such properties; and it does not impose or purport to impose any tax. It clearly preserves the right of any taxpayer who may feel aggrieved by the ultimate assessment of his property, either on the ground of inequity within District No. 1, or of inequity as between School District No. 1 and any other school

district, to have such assessment reviewed by the Richland County Board of Assessment Appeals, the South Carolina Tax Commission and, ultimately, by the courts.

The exceptions of the appellants challenge the constitutionality of Acts Nos. 952 and 976 of the 1958 Acts and Act No. 557 of the 1960 Acts on every conceivable constitutional ground, but in keeping with settled precedent, we refrain from passing upon these constitutional questions. It is well established that this court will not pass upon the constitutionality of legislative action unless such is necessary to a decision. *Bellamy v. Johnson,* 234 S. C. 172, 107 S. E. 2nd 33, *Wagener v. Johnson,* 76 S. E. 2nd 611, 223 S. C. 470.

The record is abundantly clear that the appellants have failed to prove wherein they have been or are about to be injured as a result of any of the legislative acts complained of or anything that is being done by the respondents pursuant to said acts. The constitutionality of an act cannot be questioned by one whose rights are not invaded and injuriously affected thereby. *Chesterfield County v. State Highway Department,* 191 S. C. 19, 3 S. E. (2d) 686; *Tripp v. Tripp,* S. C., 126 S. E. (2d) 9.

Before a person can assail a law as unconstitutional, he must show that he has an interest in the question in that enforcement of the law would infringe upon his rights, and one not prejudiced by enforcement of a statute cannot question its constitutionality, *Kirk v. Douglas,* 190 S. C. 495, 3 S. E. (2d) 536.

While we refrain from passing upon the constitutional issues, we conclude that the lower court correctly disposed of all factual issues; correctly applied the applicable constitutional provisions and general statutory law not here under attack; and arrived at the correct result in dismissing the complaint of the appellants.

Affirmed as to result.

TAYLOR, C. J., MOSS and LEWIS, JJ., and LEGGE, Acting J., concur.