18217

Larnah HARPER, Respondent, v. NEWARK INSURANCE COMPANY, Appellant

Larnah HARPER, Respondent, v. BLUE RIDGE INSURANCE COMPANY, Appellant

Larnah HARPER, Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant

(136 S. E. (2d) 711)

*Messrs. Paul A. Sansbury,* of Darlington, and *Suggs & McCutcheon,* of Conway, *for Appellants,*

*Messrs. James P. Mozingo, III,* and *D. Kenneth Baker,* of Darlington, *for Respondent,*

May 25, 1964.

Moss, Justice.

This is an appeal from an order of the Civil and Criminal Court of Darlington County, refusing a motion made by the appellants for a change of venue from Darlington County to Horry County, upon the ground that "the con-

venience of witnesses and the ends of justice would be promoted by the change." Section 10-310(3), 1962 Code of Laws of South Carolina.

Three separate actions were brought by Larnah Harper, the respondent herein, on separate fire insurance policies issued by the three different Insurance Companies, the appellants herein. It appears that each of the appellants issued and delivered to the respondent a policy of insurance, insuring the respondent against loss or damage to a building owned by her on the waterfront at Myrtle Beach, South Carolina, by fire or other catastrophies, including loss or damage resulting from crashing aircraft. The respondent, who is a resident of Horry County, alleges in her complaint that on April 3, 1959, while the aforesaid policies were in full force and effect, an airplane crashed into the building owned by her and as a result thereof the said building was damaged by the crash and a subsequent fire, which said loss and damage were covered by the aforesaid policies.

A motion for a change of venue is addressed to the sound judicial discretion of the Judge who hears it and his decision will not be disturbed by this Court except upon a clear showing of abuse of discretion amounting to manifest error of law. In order to prevail on a motion for a change of venue, the moving party must make a *prima facie* showing that both the convenience of witnesses and the ends of justice would be promoted by the change; *Bryan v. Ross,* 236 S. C. 299, 114 S. E. (2d) 97; and upon such showing having been made, the burden shifts to the party resisting the motion to overcome it as to at least one of these requirements. *McKinney v. Noland Co.,* 227 S. C. 27, 86 S. E. (2d) 607. This Court has held that the promotion of the ends of justice is served by having a jury of the vicinage pass upon the credibility of witnesses. *King v. Moore,* 231 S. C. 421, 98 S. E. (2d) 849.

At issue in these cases is the extent of damage to respondent's property. The appellants, on the motion to change the venue, submitted five affidavits, four of them

being from witnesses who examined the property and knew the amount of damage thereto, and who conferred with the respondent thereabout. Two of these witnesses are local building contractors who actually inspected the property immediately after the loss occurred and prepared estimates of the damage and cost of repairs to said property. It is shown by affidavit that all of the witnesses are material and indispensable to the appellants in the trial of these cases. These witnesses are residents and businessmen of Myrtle Beach in Horry County and assert in their affidavits that it would be inconvenient for them to attend trial in Darlington County and would work a hardship upon them. They aver in their affidavits that it is only fourteen miles from Myrtle Beach to the County Courthouse at Conway, but it is approximately eighty miles from Myrtle Beach to the Courthouse in Darlington, and that it would serve their convenience to attend court in Horry County rather than in Darlington County.

The affidavit of one of appellants' counsel sets forth that the respondent is a resident of Myrtle Beach, in Horry County, and operates a business there and has been living there for approximately eight years. He further sets forth that an intelligent determination of the damage to the respondent's property reasonably requires an inspection thereof by the jury and such would be virtually impossible and impractical if the trial of these cases was had in Darlington County rather than in Horry County. It is further averred that it would be inconvenient and work a hardship on the witnesses who will appear for the appellants to require them to appear in Darlington County rather than in Conway, South Carolina, which is located within close proximity of Myrtle Beach, South Carolina, where the damaged property is located and the loss occurred.

Since the affidavits of the appellants show that all of their witnesses reside in Horry County, it would certainly serve the convenience of these witnesses to change the venue to Horry County and it would tend

to promote the ends of justice by having a jury of Horry County to pass upon the credibility of these witnesses. The respondent resides in Horry County and the damaged property is located there.

The respondent did not submit any affidavits disputing the contents of appellants' affidavits and there is nothing in the record to overcome the strong *prima facie* showing made by the appellants that both the convenience of witnesses and the ends of justice would be promoted by changing the venue from Darlington County to Horry County.

We think that under the facts of this case the Court below committed manifest legal error because the appellants clearly met the requirements of the statute, both as to convenience of witnesses and promotion of the ends of justice, particularly in view of the fact that the respondent failed to rebut the *prima facie* showing made by the appellants.

The order appealed from is reversed and these cases are remanded for entry of an order changing the venue in conformity with this opinion.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.