18265

Robert W. SKINNER, Appellant, v. Onofrio William SANTORO
and V. B. Hook Vacuum and Cooling Company, Inc.,
Respondents

(138 S. E. (2d) 645)

*Messrs. James P. Mozingo, III,* and *D. Kenneth Baker,* of Darlington, *for Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondents,*

October 27, 1964.

*Per Curiam.*

This is an appeal from an order of the Circuit Court refusing a motion by the plaintiff for a change of venue from Richland County to Darlington County, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." Section 10-310 (3), 1962 Code of Laws.

This action was brought by the plaintiff, a resident of Darlington County, against the defendants, residents of Richland County, to recover damages for personal injuries and property damage sustained by the plaintiff as a result of a collision between an automobile driven by the plaintiff and a truck owned by V. B. Hook Vacuum and Cooling Company, a corporation, and operated by one Santoro, an agent,

employee and servant of the corporate defendant. The collision occurred at the intersection of U. S. Highway 76 and U. S. Highway 76 By-Pass in Sumter County.

This Court has repeatedly held that a motion for a change of venue is addressed to the sound judicial discretion of the Judge who hears it and his decision will not be disturbed by this Court except upon a clear showing of abuse of discretion amounting to manifest error of law. In order to prevail on a motion for a change of venue, the moving party must make a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the change and upon such showing having been made, the burden shifts to the party resisting the motion to overcome it as to at least one of these requirements. This Court has also held that the promotion of the ends of justice is served by having a jury of the vicinage pass upon the credibility of witnesses. *Harper v. Newark Ins. Co.,* 244 S. C. 282, 136 S. E. (2d) 711.

We have also held that the right of a defendant in a civil action to a trial in the county of his residence, pursuant to statute, is a substantial one and such right is sometimes described as a valuable right not to be lightly denied. *McMillan v. B. L. Montague Co.,* 238 S. C. 512, 121 S. E. (2d) 13. While the right of a defendant in a civil action to a trial in the county of its residence is a substantial one, it is within the sound discretion of the hearing judge to change the place of trial where it is shown that both the convenience of witnesses and the ends of justice would be promoted. *Basha v. Waccamaw Lumber & Supply Company,* 240 S. C. 140, 124 S. E. (2d) 912.

The only issue here is whether the Circuit Judge abused his discretion in refusing to grant plaintiff's motion for a change of venue. This motion was based upon affidavits which show that the plaintiff will offer four witnesses in the trial of this case, including himself, who are residents of Darlington County. He has four other witnesses,

one of whom is a resident of Florence County, another of Chesterfield County, and the other two of Sumter County. These witnesses all aver that a trial in Richland County would cause them inconvenience and that it would serve their convenience to attend court in Darlington County. As opposed to this showing, the defendants will offer four witnesses, including the defendant Santoro, all of whom are residents of Richland County, and three other witnesses who are residents of adjoining Lexington County. Each of these witnesses aver that a trial in Darlington County would cause them inconvenience and that it would be more convenient for them to attend court in Richland County. It is the position of the plaintiff that several of the witnesses for the defendants are employed by the corporate defendant and the convenience of these witnesses should not have been taken into account by the trial Judge in determining the issue here. The fact that several witnesses for the defendants are employees of the corporate defendant does not militate against the fact that they can more conveniently attend a trial of this case in Richland County. *Smith v. Atlantic C. L. R. Co.,* 218 S. C. 481, 63 S. E. (2d) 311.

The Circuit Judge concluded that the convenience of witnesses and the ends of justice would not be promoted by granting the motion of plaintiff.

In our opinion, the record here does not warrant the conclusion that the Circuit Judge's refusal of motion of the plaintiff constituted an abuse of judicial discretion amounting to manifest error of law.

Affirmed.