18276

Jessie Carl GULLEDGE, Appellant, v. Harvey Walter YOUNG and Bowman Transportation, Inc., Respondents

(138 S. E. (2d) 833)

</div>

*Messrs. Leppard & Leppard,* of Chesterfield, and *James P. Mozingo, III,* of Darlington, *for Appellant,* 

*Messrs. Baskin & Cothran,* of Bishopville, *for Respondent,*

November 10, 1964.

*Per Curiam.*

Involved here are three personal injury actions, combined for the purpose of this appeal, arising out of an automobile-tractor-trailer collision which occurred near Athens, Georgia, on July 21, 1960. The three plaintiffs reside in the Town of

Cayce, County of Lexington; the defendant Harvey Walter Young is a resident of Anderson County, and the defendant Bowman Transportation, Inc. is a foreign motor carrier corporation organized and existing under the laws of the State of Alabama, and a licensed motor carrier operating in and through the County of Darlington, South Carolina, where said actions were commenced.

The defendants made motions for a change of venue from Darlington County to Anderson County, pursuant to the third subsection of Section 10-310 of the 1962 Code of Laws for South Carolina, on the ground that the convenience of witnesses and the ends of justice would be promoted by such change. The circuit court granted such motions and this appeal on behalf of the plaintiffs followed.

The single exception of appellant commences with the following language:

"That His Honor J. A. Spruill, Jr., as the hearing judge, erred in granting the motion of the defendants for a change of venue from Darlington County to Anderson County."

Immediately following the quoted language, the exception contains two numbered paragraphs which are designated as "specifications of error". The first of these summarizes and minimizes the showing made by the defendants in support of the motion. The second numbered paragraph merely summarizes the showing made in opposition to the defendants' motion in the light most favorable to the plaintiffs.

The one exception with its component parts is entirely too general, vague and indefinite to be considered, and it does not comply with Rule 4, Section 6 of this court. Nowhere therein is a complete assignment of error set forth. *Fruehauf Trailer Co. v. McElmurray,* 236 S. C. 141, 113 S. E. (2d) 756; *Morgan-Austin Co. v. Allison,* 123 S. C. 360, 116 S. E. 446; *Badham v. Brabham,* 54 S. C. 400, 32 S. E. 444.

In addition to the single exception being insufficient to raise any issue for the proper consideration of the court, a reading of the record does not disclose any manifest error of law on the part of the trial court. We have repeatedly held that a motion for a change of venue is addressed to the sound judicial discretion of the judge who heard it, and that his decision will not be disturbed by this court except upon a clear showing of abuse of discretion amounting to manifest error of law. See opinions recently filed in the cases of *Skinner v. Santoro et al.,* S. C., 138 S. E. (2d) 645, 1964, and *Oswald v. Oswald et al.,* S. C., 138 S. E. (2d) 639, 1964.

Appeal dismissed.

TAYLOR, C. J., and MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.