## 18309

Martha H. DIMERY, Appellant, v. Philip Joseph BLOOM and One 1961 Chevrolet Automobile, 1963 Ohio License No. 573DW, Respondent

(140 S. E. (2d) 600)

*Messrs. Waddell Byrd,* of Marion, *and Fulmer, Barnes & Berry,* of Columbia, *for Appellant,*

*Messrs. Roberts, Jennings & Thomas,* of Columbia, *and Weinberg & Weinberg,* of Sumter, *for Respondents,*

February 24, 1965.

PER CURIAM.

In this action defendant made a motion for a change of venue from Marion County to Sumter County, pursuant to the third subsection of Section 10-310 of the 1962 Code of Laws for South Carolina, on the grounds that the convenience

of witnesses and the ends of justice would be promoted by such change. The circuit court granted such motion, making his order applicable to a companion case as well. The plaintiff appeals, it being stipulated by counsel that the decision of this appeal will govern the companion case.

We have repeatedly held that a motion for a change of venue, on the grounds here involved, is addressed to the sound judicial discretion of the judge who hears it, and that his decision will not be disturbed by this court except upon a clear showing of abuse of discretion amounting to a manifest error of law. See opinion recently filed in the cases of *Skinner v. Santoro et al.*, S. C., 138 S. E. (2d) 645, 1964; *Oswald v. Oswald et al.*, S. C., 138 S. E. (2d) 639, 1964; and *Gulledge v. Young*, S. C., 138 S. E. (2d) 833, 1964.

Both actions arose out of an automobile collision which occurred in the City of Sumter, South Carolina, on the 23rd day of September, 1963. The record reflects that the defendant had been in Sumter County since November 7, 1961, stationed at Shaw Air Force Base, while the plaintiffs are residents of Marion County. We shall not here review the contents of the affidavits before the court in support of, and in opposition to, the motion. Suffice it to say that a scrutiny of the record fails to disclose any showing of abuse of discretion amounting to manifest error of law on the part of the circuit court. Judgment of the lower court is, accordingly,

Affirmed.