18325

J. R. CLELAND, Respondent, v. ATLANTIC COAST LINE RAILROAD COMPANY, Appellant

(141 S. E. (2d) 339)

*Messrs. Grier, McDonald, Burns & Bradford,* of Greenwood, *for Appellant,*

*Messrs. Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent,*

March 30, 1965.

PER CURIAM.

This action was instituted by J. R. Cleland, the respondent herein, against the Atlantic Coast Line Railroad Company, the appellant herein, in the Court of Common Pleas for Hampton County, to recover damages for personal injuries alleged to have been caused and occasioned by the negligence of the appellant, while he was employed by it as a member of a construction crew engaged in maintaining, constructing and repairing railway signals in Williamsburg County. The action was brought under the Federal Employers' Liability Act, 45 U. S. C. A. § 51 et seq. The answer of the appellant is a general denial and a plea of negligence on the part of the respondent in diminution of damages.

This is an appeal from an order of the Circuit Court refusing a motion made by the appellant for a change of venue from Hampton County to Williamsburg County, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." Section 10-310 (3), 1962 Code of Laws.

We have repeatedly held that a motion for a change of venue is addressed to the sound judicial discretion of the Judge who hears it and his decision will not be disturbed by this Court except upon a clear showing of

abuse of discretion amounting to manifest error of law. In order to prevail on a motion for a change of venue, the moving party must make a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the change and upon such showing having been made, the burden shifts to the party resisting the motion to overcome it as to at least one of these requirements. We have also held that the promotion of the ends of justice is served by having a jury of the vicinage pass upon the credibility of witnesses. *Harper v. Newark Ins. Co.*, 244 S. C. 282, 136 S. E. (2d) 711; *Skinner v. Santoro*, 245 S. C. 35, 138 S. E. (2d) 645; *Oswald v. Oswald*, 245 S. C. 44, 138 S. E. (2d) 639.

The motion of the appellant for a change of venue was based upon thirteen affidavits and twelve of the affiants are material witnesses in the case. Eight of these witnesses were members of the construction crew of which the respondent was also a member, and each assert their familiarity with the circumstances preceding, at the time of, and following the incident from which the respondent claims to have received certain injuries. Three of these affiants reside in the state of North Carolina, one in the state of Georgia, one in Dillon County and three in Berkeley County, South Carolina. Another witness is a retired medical practitioner who lives in Florida and had examined the respondent in the latter part of 1958 and the early part of 1959, and will testify as to his findings. These nine affiants aver that there is no passenger railway service to Hampton, and that Kingstree, in Williamsburg County, is on the main line of the appellant and adequate passenger service is provided from the home of each of them to Kingstree. They also aver that because of the inadequate transportation facilities from their home to Hampton that such will work a severe inconvenience and hardship upon them and it would better serve their convenience to attend court in Williamsburg County.

It appears that the appellant will have three witnesses who live in Williamsburg County. One is the ambulance

driver who transported the respondent from the place of injury to the hospital; another is the physician who treated him for two days following his injury while he was a patient in said hospital, and the third is the librarian at the hospital who has custody of the hospital records relating to the respondent for the period June 12, 1963 through June 14, 1963. These three witnesses from Kingstree aver that a trial in Hampton County would cause them inconvenience and it would serve their convenience to attend court in Williamsburg County.

It appears by affidavit of one of the attorneys for the appellant that he is informed and believes that this action is brought in Hampton County by the respondent, who was a resident of Jasper County at the time stated in the complaint; that the alleged cause of action arose in Williamsburg County; that no eyewitnesses to the alleged accident have resided or presently reside in Hampton County or in Jasper County; that the witnesses to the alleged accident were members of a signal construction crew and are employees of and live on the main line of the appellant over which passenger service is provided to Kingstree, South Carolina; that there is no railroad passenger service to Hampton, South Carolina; that the members of the signal construction crew are given work assignments from one week to the next and may or may not work together, depending upon the needs of the railroad at a given time, and that the convenience of witnesses and the ends of justice would be promoted by having the trial of this case in Williamsburg County.

In opposition to the said motion, the respondent has submitted affidavits of two witnesses who reside in Jasper County; one witness who resides in Augusta, Georgia, and eight witnesses who reside in Hampton County. Of these, the two from Jasper County and one from Augusta, Georgia, and two from Hampton County are all medical witnesses and will testify as to their knowledge of the condition of and the treatment administered by each of them to the respondent; one of the Hampton witnesses is a photographer who

took pictures of the motor vehicle involved in this case; one is a lay witness as to the physical condition of the respondent; one is a witness who saw the respondent riding in the truck immediately before and visited the scene of the accident immediately after the alleged injury; and the other two witnesses are deputy sheriffs of Hampton County who examined the motor vehicle involved in this case and expect to testify as to the manner in which certain battery boxes can be placed in same and whether or not it is possible for someone to alight from said vehicle, while it is loaded, in a safe manner.

Each of the affiants who will be witnesses for the respondent says that a trial of this case in Kingstree would cause each of them inconvenience and that it would be more convenient for them to attend the trial and testify in Hampton County.

The motion of the appellant for a change of venue was heard by the Honorable J. B. Ness, Presiding Judge, and in his order refusing such motion, he stated the following:

"After reading the affidavits of both parties and hearing oral argument of counsel, I conclude, in the exercise of my discretion, that the moving party's affidavits are not sufficient to carry the burden of making a *prima facie* showing that the convenience of witnesses and promotion of justice will both be made by transferring this case from Hampton County to Williamsburg County. The conclusion is inescapable to this Court that even though it be assumed that the defendant made a *prima facie* showing as to the convenience of witnesses, such showing would be offset by arraying against it the counter-affidavits of the plaintiff's witnesses."

The appellant asserts that the lower Court committed manifest error of law in his holding with reference to the convenience of employee witnesses. It is true that in the order of the Circuit Judge he stated that on an application for a change of venue "the convenience of a witness in the employ of a party to the action is not

generally given the same consideration as is given to the convenience of other witnesses." This statement was taken from 92 C. J. S. Venue § 145(2), page 861. In the recent case of *Skinner v. Santoro,* 245 S. C. 35, 138 S. E. (2d) 645, it was held that the fact that several witnesses for a defendant corporation were employees thereof did not militate against the fact that such employees could more conveniently attend a trial of the case in the county of the residence of the corporation. This holding followed the rule announced in *Smith v. A. C. L. Ry. Co.,* 218 S. C. 481, 63 S. E. (2d) 311, and *Reynolds v. A. C. L. Ry. Co.,* 217 S. C. 16, 59 S. E. (2d) 344.

It is essential to the support of the motion to change the place of trial based upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change" to establish the existence of both conditions. It is not sufficient to show that the mere convenience of witnesses will be promoted by the change or the ends of justice will be thereby promoted, but the Trial Judge should be controlled in the exercise of his judicial discretion by the plain words of the statute and both requirements of the same must be met. *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *S. C. Electric & Gas Co. v. Aetna Ins. Co.,* 235 S. C. 147, 110 S. E. (2d) 165. It follows that the statement of the Trial Judge with reference to the convenience of employee witnesses, even though incorrect under our decisions, is harmless in view of the fact that it applies only to "the convenience of witnesses" and has no application to the other requirement of the statute that "the ends of justice would be promoted by the change." In this situation affirmance of the order must follow if the Trial Judge was correct in refusing the motion on the ground that the ends of justice would not be promoted by the change.

It appears from the order of the lower Court that in oral argument counsel for appellant urged that the scene of the alleged accident was of great importance and the jury should be allowed to view such. The desirability

of inspection by the trial jury of the scene of the accident goes to the requirement of the promotion of the ends of justice. While the scene of the accident is located in Williamsburg County, there is no showing made by the affidavits of the appellant that it will be necessary for the jury to view the location or that an adequate representation thereof cannot be made by verbal description so as to enable the jury to understand and determine the issues which may arise thereabout. Should a motion be made in the trial of this case for the jury to view the scene of this accident, the Trial Judge, in the exercise of his discretion, may determine whether the jury should be sent to the scene of the accident. *Thompson v. S. C. State Highway Department,* 221 S. C. 250, 70 S. E. (2d) 241.

According to our count from the record a total of twenty-two witnesses will be called for the appellant and the respondent and of this number six are nonresidents of this State; three are residents of Berkeley County; one is a resident of Dillon County; two are residents of Jasper County; three are residents of Williamsburg County, and seven are residents of Hampton County. It thus appears that wherever this case is tried some witnesses will be convenienced and others will suffer inconvenience. Accordingly, it was for the Trial Judge, in his discretion, to determine what would promote the convenience of witnesses and the ends of justice.

We cannot say on the record before us that the Court below was guilty of an abuse of judicial discretion amounting to manifest error of law.

The order appealed from is affirmed.