248 S.C. 203 (1966)
149 S.E.2d 615
The SOUTH CAROLINA NATIONAL BANK OF CHARLESTON (COLUMBIA BRANCH), Executor of the Estate of Sarah Linda Welch, Petitioner-Respondent,
v.
Eva Goggans COPELAND, Eloise Welch Wright, Crozier Welch and Drayton N. Barksdale, Respondents-Appellants. The SOUTH CAROLINA NATIONAL BANK OF CHARLESTON (COLUMBIA BRANCH), Executor of the Estate of Sarah Linda Welch, deceased, Daniel R. Bullard, Wilfred Doherty, Lester Settegast and Roger Wolfe, as Trustees of The Robert A. Welch Foundation (formerly The Houston Foundation), Plaintiffs-Appellants,
v.
Eva Goggans COPELAND, Eloise Welch Wright, Crozier Welch and Drayton N. Barksdale, Defendants-Respondents.
18536
Supreme Court of South Carolina.
July 20, 1966.
*204 *205 Messrs. Wyche, Burgess, Freeman & Parham, of Greenville, for Respondents-Appellants in Will Case.
Messrs. Roberts, Jennings & Thomas, of Columbia, for Petitioner-Respondent, in Will Case.
Messrs. Roberts, Jennings & Thomas, of Columbia, for Plaintiffs-Appellants, in Construction Case.
*206 Messrs. Wyche, Burgess, Freeman & Parham, of Greenville, for Respondents, in Construction Case.
*208 Messrs. Roberts, Jennings & Thomas, of Columbia, for Plaintiffs-Appellants, in Construction Case, in Reply.
Messrs. Waggoner Carr, Attorney General of Texas, Hawthorne Phillips, First Assistant Attorney General, T.B. Wright, Executive Assistant Attorney General, and J. Arthur Sandlin, Assistant Attorney General, of Austin, Texas, for Amicus Curiae, in Construction Case.
*209 Messrs. Wyche, Burgess, Freeman & Parham, of Greenville, for Respondents, in Construction case, in Reply to Amicus Curiae Brief.
July 20, 1966.
MOSS, Chief Justice.
Sarah Linda Welch, hereinafter referred to as Linda, a resident of Columbia, South Carolina, died testate on September 8, 1963, leaving a Will dated December 27, 1949, and a codicil thereto dated May 25, 1951. In the codicil Linda named the South Carolina National Bank of Charleston (Columbia Branch) as executor of her last will and testament. The executor proved the will and codicil in common form in the Probate Court of Richland County, South Carolina, on September 13, 1963. Thereafter, Eva Goggans Copeland, Eloise Welch Wright, Crozier Welch and Drayton N. Barksdale, asserting that they were the next of kin of Linda, filed a notice requiring proof of the will and codicil in due form of law. The executor then *210 brought an action in the Probate Court for Richland County, joining as parties thereto the foregoing persons who asserted that they were the heirs at law and next of kin of Linda, praying that the aforesaid will and codicil be admitted to probate in due form of law.
This proceeding in the Probate Court resulted in an order dated September 4, 1964, admitting the will and codicil to probate in due form of law as the last will and testament of Linda. The heirs at law appealed from this order to the Court of Common Pleas, where, on a question of "will or no will", issues of fact are tried de novo.
While the aforesaid appeal was pending, the executor, on October 16, 1964, filed an ex parte petition in the Probate Court seeking authority to file therein an inter vivos trust indenture of Robert A. Welch dated December 1, 1949, and an exemplified copy of his will dated March 19, 1948, and codicils thereto. This petition was granted by the Probate Court.
During the pendency of the aforesaid appeal, another action referred to as the "construction case" was instituted by the executor of Linda's estate and the trustees of "The Robert A. Welch Foundation". The heirs at law and next of kin of Linda were joined as defendants in this action.
The two aforesaid cases were, by stipulation, consolidated for trial and determination by the court without a jury. The consolidated cases were heard by The Honorable Bruce Littlejohn, Presiding Judge, on November 24, 1964.
Thereafter, on May 25, 1965, the trial judge filed a single order disposing of the two cases, in which he held that Linda had the mental capacity to make a will and such was not the result of undue influence, and that the codicil was validly executed. He further held that the will and codicil in question were valid testaments of Linda and that no other document was a part thereof or controlled the disposition of her estate; that she died intestate and that her heirs at law and next of kin were each entitled to a *211 distributive share of her estate. Notices of intention to appeal in the consolidated cases were served by counsel for all parties. The heirs at law perfected an appeal in the "will or no will case" only and the other parties perfected an appeal in the "construction case" only.
There is no appeal in this case from the finding of the trial judge that Linda had the mental capacity to make a will and such was not the result of undue influence. Hence, there is no issue here concerning these findings.
The appeal of the heirs at law and next of kin of Linda raises the question as to whether under our law the subscribing witnesses to a will or codicil must have knowledge that they are witnessing the execution of a testamentary document.
The record shows that Linda appointed Christie Benet, a resident of Columbia, South Carolina, to be the executor of her will. It appears that the named executor died prior to Linda's death and, thereafter, by a codicil she substituted the South Carolina National Bank of Columbia, South Carolina, as her executor. The three witnesses to the execution of the codicil acknowledged their respective signatures and that they saw Linda sign her name to the document and they signed their names in her presence and in the presence of each other. However, they testified that they did not know that they were witnessing a testamentary document and that, in fact, the testatrix covered up the document so as to conceal its nature from them when they witnessed it. They did not see the attestation clause.
It is the position of Linda's heirs at law that the codicil should be invalidated because the subscribing witnesses thereto did not know the nature of the instrument that they witnessed.
It is provided in Section 19-205 of the Code, that:
"All wills and testaments of real and personal property shall be in writing and signed by the party so devising or bequeathing such property or by some other person in *212 his presence and by his express direction and shall be attested and subscribed in the presence of the testator and of each other by three or more credible witnesses or else they shall be utterly void and of no effect."
The only requirement provided in the foregoing statute is that a will shall be attested and subscribed in the presence of the testator and of each other by three or more credible witnesses. The statute does not require a publication of the will. It is a rule of general application that in the absence of a statute requiring it, it is not necessary that the testator should publish his will, or that the witnesses should know at the time they attested the will that the instrument was a will. It has also been generally held that publication of a will, or knowledge on the part of the witnesses that the instrument is a will, is not made necessary by statutes providing that wills shall be attested and subscribed by witnesses. 94 C.J.S., Wills, § 187 (b), page 1010. The decisions of this court are in conformity with the foregoing general rule. Black v. Ellis, 21 S.C.L. 402 (3 Hill L. 68), Verdier v. Verdier, 42 S.C.L. 46, (8 Rich. L. 135), and Gable v. Rauch, 50 S.C. 95, 27 S.E. 555. It is our conclusion that the trial judge was correct in holding that the codicil in question was validly executed.
It appears from this record that Robert A. Welch, who was a brother of Sarah Linda Welch, was born in Newberry County and, while still young, moved to Texas where he lived until his death at the age of eighty years. There he amassed a sizable fortune from oil and other investments which amounted to approximately $30,000,000.00 at the time of his death. When Linda died at the age of eighty-two years, she had an estate of more than $1,000,000.00, which was the result of financial investments made by Robert for her. Robert was responsible for Linda's decision to make a will. It was his advice that she followed in the type of will that was executed. Her will was typed in the office of an attorney here from a draft prepared by Robert's attorney in Texas. It was copied verbatim from the Texas draft insofar *213 as its trust provisions are concerned. Immediately upon its execution, the will was returned to Robert, or his attorney, in Texas, where it was retained until after Linda's death.
Robert A. Welch, by his will dated March 19, 1948, created The Houston Foundation (now The Robert A. Welch Foundation), a perpetual charitable trust to be administered solely within the State of Texas, and devised and bequeathed to it an amount in excess of $25,000,000.00. On July 29, 1949, Robert executed a codicil to the aforesaid will making several changes in the charitable trust, among them was a provision that the funds of the trust should be used exclusively within the State of Texas, and another provision that the trustees under his will were not required to use property willed to the trust by others exclusively within any particular State, unless such will so directed. On December 1, 1949, Robert executed a perpetual inter vivos trust indenture and transferred to the trustees $10,000.00 for the purpose of "public usefulness". Robert reserved the power to name the trustees in his will who should thereupon succeed the trustees named in the indenture. This inter vivos trust contained similar provisions to that of the codicil of July 29, 1949, with reference to the use within a particular state of any property willed by other persons to the trustees. On January 6, 1950, Robert executed a second codicil wherein he provided upon the probate of his will the trustees named in the inter vivos trust should cease to be such and should be succeeded by the persons named in his will. On December 22, 1951, Robert executed a third codicil to his will in which he made substantial changes in the disposition of his property and provided that 15% of his estate, previously willed in trust for charitable purposes, should be distributed among persons who were either his employees or employees of two corporations in which he had a substantial financial interest. It appears from the record that Robert A. Welch died on December 27, 1952, and that his will and the codicils thereto were admitted to probate in Harris County, Texas.
*214 Linda, by Article II of her will, devised and bequeathed her estate to the trustees of "The Houston Foundation" provided if at the time of her death Robert, her brother, was living. This provision of Linda's will could not be effective because she survived her brother. In Article III of her will, Linda provided as follows:
"If at the time of my death my said brother shall have died leaving a will, duly probated, by which property is devised and bequeathed to trustees for charitable purposes, then it is my will and I so direct that in lieu of the devise and bequeath contained in the preceding Article II all of said rest and residue of my property shall be devised and bequeathed to said trustees named in my said brother's will upon the same terms and conditions, for the same uses and purposes, and subject to the same limitations and restrictions as if the language in my said brother's will creating said trust and setting forth said terms and conditions, said uses and purposes and said limitations and restrictions, were copied at length herein with appropriate changes to make them a part of my will."
The executor of the will of Linda and the trustees of The Robert A. Welch Foundation, who are the appellants here in the "construction case", advanced three legal doctrines in the court below that could be followed in the construction of Linda's will so as to carry out her intention. These doctrines were (1) incorporation by reference; (2) dependent relative revocation and (3) facts of independent significance. The trial judge held that none of these doctrines had any application in this case. The appellants have abandoned their reliance upon the doctrine of incorporation by reference and that of dependent relative revocation but now urge only that Article III of the will of Linda should be sustained as the testamentary disposition to The Robert A. Welch Foundation under the doctrine of facts of independent significance. This doctrine is relied upon by the appellants for the principle, quoting from the brief, that a testamentary "disposition is valid if the persons in whose *215 favor it is made and the property which is the subject matter of the disposition, although not named in the will, are ascertainable from facts which are nontestamentary (as to the testator, interpolated) and which of themselves have significance independent of the testamentary disposition." In urging the applicability of this doctrine, the appellants regard Article III of Linda's will as a disposition to the trustees of The Robert A. Welch Foundation. Quoting from the brief, "Miss Welch's Will does nothing more than say that her estate shall go to the trustees named in her brother's Will." If the bequest were on these terms, the applicability of the doctrine would have the support of persuasive authority. In re Piffard, 111 N.Y. 410, 18 N.E. 718, 2 L.R.A. 193; In re Fowles' Will, 222 N.Y. 222, 118 N.E. 611; In re Brown's Will, Sur., 82 N.Y.S. (2d) 167; Condit v. De Hart, 62 N.J.L. 78, 40 A. 776; Murchison v. Wallace, 156 Va. 728, 159 S.E. 106, 109; In re Gregory's Estate, Fla., 70 So. (2d) 903; Leary v. Liberty Trust Co., 272 Mass. 1, 171 N.E. 828, 69 A.L.R. 1239; Page on Wills, 2 Bowe-Parker (1960) Sec. 19.34; Atkinson on Wills, (2d) Ed. 398, 399.
However, the authorities relied upon are not applicable here because Article III of Linda's will does not express a simple bequest to the trustees named in Robert's will in their capacity as trustees of The Robert A. Welch Foundation. Instead, the intention expressed in the will is to establish a trust, naming as trustees the same persons appointed by Robert's will, and devising all of the testatrix's property to them in trust, "* * * upon the same terms and conditions * * * as if the language in my said brother's will * * * were copied at length herein with appropriate changes to make them a part of my will." (Emphasis added.) We conclude that this was an unmistakable attempt on the part of Linda to incorporate the trust provisions of Robert's will into her will as the terms of a trust established by her. That this intention was frustrated by limitations on the doctrine of incorporation does not justify a construction of Article III which is opposed to the ordinary *216 meaning of the words used. We are not at liberty to disregard the distinction between a disposition of Linda's property to a South Carolina trust established by her, on the same terms as the Texas trust which was created by Robert, and a disposition of her property, to the Texas trust.
The attempt of Linda to establish a trust must fail because the terms thereof were not effectively declared. Hence, her estate is distributable as intestate property. The trial judge was correct in so holding.
The parties to this action were in disagreement as to what should constitute the record on appeal, and it was settled by order of the trial judge. The executor and the trustees of The Robert A. Welch Foundation have appealed from the order settling the case.
Rule 4 of this court sets forth what a transcript of record should contain. This Rule requires the "statement" to contain the issues made by the pleadings and such other proceedings in the court below as may throw light upon the questions involved in the appeal. It is provided that nothing should be omitted that is necessary to a proper understanding and decision of the questions to be decided, and nothing else must be inserted. Pleadings must not be set out in full unless it be necessary to a proper construction of them and only when that is desired. The Rule further provides that only the necessary and pertinent testimony to which one or more of the exceptions relate shall be printed. The Rule also provides that in case more that the necessary testimony is printed, then the court shall tax the cost of all testimony unnecessarily printed against the offending party
Exceptions 1, 4, 5 and 6 to the order of the trial judge settling the case on appeal are not argued in the brief of the named appellants and are deemed abandoned. Hampton v. Dodson, 240 S.C. 532, 126 S.E. (2d) 564.
Exception 2 charges the trial judge with error in ordering the printing of the testimony having to do "with matters other than the execution of the codicil", *217 the error being that the testimony of the witnesses pertaining to "other matters has no bearing or relevancy to any issue on appeal". This exception is too general, vague and indefinite to be considered and does not comply with Rule 4, Section 6, of this court, because it does not point out what testimony of the witnesses pertaining to other matters had no relevancy to any issue on appeal. Gulledge v. Young, 245 S.C. 88, 138 S.E. (2d) 833.
Exception 3 charges the trial judge with error in ordering the printing of correspondence between Robert and Linda that related to matters other than the knowledge of Linda of her brother's will and the inter vivos trust, in that the information contained in said correspondence had no relevancy or pertinency to any issue on appeal. The record shows that the letters in question were offered in evidence by the named appellants but there was no holding by the trial judge that such letters were admissible for the purpose of showing the circumstances surrounding the testatrix at the time she executed her will. The appellants charge this as error and, hence, it was proper for the letters to be printed in the transcript because they were pertinent to the aforesaid exception.
Exception 7 charges the trial judge with error in stating the issues in the "construction case", asserting that disputed statements were contained in the statement. Exception 1 in the general appeal in the "construction case" asserts the same error. It is true that the "statement" should not include a disputed statement of the issues involved where objection is made thereto. However, the inclusion here of such a statement was harmless because the appellants were not confined in their argument of any question raised in the court below where a proper exception thereto was filed in this court.
The exceptions challenging the order of the circuit judge settling the case on appeal are overruled.
The judgment below is affirmed.
LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Associate J., concur.