## 18568

Eugene Carl MOULDS, Appellant, v. Pierce Grover BLITCH, Respondent. Louise J. MOULDS, Appellant, v. Pierce Grover BLITCH, Respondent.

(150 S. E. (2d) 917)

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *John R. Etheridge, Jr.,* of Darlington, *for Appellants,*

460

*Messrs. Paulling & James* and *Melvin Hyman,* of Darlington, *for Respondent,*

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *John R. Etheridge, Jr.,* of Darlington, *for Appellants,* in reply.

November 1, 1966.

LIONEL K. LEGGE, Acting Justice.

On August 22, 1963, a collision occurred in Beaufort County, South Carolina, between an automobile driven by Eugene Carl Moulds and one driven by Pierce Grover Blitch. Moulds, and his wife, Louise J. Moulds, who was in the automobile with him, brought separate actions against Blitch in the Court of Common Pleas for Darlington County, each seeking damages for personal injuries alleged to have been sustained as the result of the collision. The defendant having moved in each case to change the venue to Beaufort County, the motions were heard together by agreement; and from the order granting them the respective plaintiffs have appealed.

Appellants are residents of Norfolk, Virginia; respondent is a resident of Augusta, Georgia. It appears from the affidavits for and against the motions that the only eye-witnesses to the accident (other than an unidentified motorist

on the highway at the time) were the occupants of the two cars, namely: Mr. and Mrs. Blitch and their two young children, and Mr. and Mrs. Moulds.

The basis of the motions was that the change of venue to Beaufort County would promote the convenience of witnesses and the ends of justice, Code, 1962, Section 10-310(3). In support of that contention the respondent offered affidavits of his counsel to the effect that the convenience of respondent and his wife, and of their children, who would likely be called as witnesses, would be better served if the cases were tried in Beaufort, 119 miles distant from Augusta, rather than in Darlington, the distance to which from Augusta is 162 miles; that one of his witnesses, Mr. Cahill, a deputy sheriff of Beaufort County, who investigated the accident, resides in that county and could attend a trial there with less inconvenience than if it were held in Darlington; and that a visit by the jurors to the scene of the collision could be accomplished more conveniently if the cases were tried in Beaufort County. Also offered by the respondent were two affidavits by Mr. Cahill, the first to the effect that due to the demands of his work as deputy sheriff he could attend a trial in Beaufort more conveniently than one in Darlington, some 200 miles distant, and the second to the effect that due to an illness suffered in March, 1966, he was still under the care of his physician and able to do only part-time work, and that he would be unable to drive from his residence in Beaufort County to Darlington.

In opposition to the motions appellants offered their own affidavits, to the effect that public transportation schedules between Norfolk and Darlington are more practicable and convenient than those from Norfolk to Beaufort; and that in addition to their own presence at the trial or trials they would have medical witnesses, resident in Norfolk, who could attend court with less inconvenience in Darlington than in Beaufort. They also offered an affidavit of Mrs. Helen Lee, of Florence County, an aunt of the plaintiff Eugene Carl Moulds, and one of her husband, Robert E. Lee.

The gist of the two affidavits last mentioned was that on the day following the accident Mr. Moulds and his wife were brought from Hilton Head, in Beaufort County, to the home of the affiants, and there remained until they were able to travel to their home in Norfolk; that the affiants were familiar with the physical condition of the Mouldses before and after the accident and would therefore be called to testify as material witnesses; that the home of affiants is about 15 miles from Darlington and about 150 miles from Beaufort; and that they would be greatly inconvenienced if the trial were held in Beaufort instead of Darlington.

In his order granting the change of venue, the circuit judge, reviewing the affidavits on both sides and particularly those of Mr. and Mrs. Lee, in their relation to the convenience of witnesses and the ends of justice, expressed his approval of the rule, expounded in another jurisdiction, that the convenience of witnesses who are members of a litigant's family is generally not entitled, on a motion for change of venue, to the same consideration as that of other witnesses. This rule is referred to in the exhaustive annotation on statutory provision for change of venue for the promotion of the convenience of witnesses and the ends of justice, in 74 A. L. R. (2d) p. 16, *et seq.,* at page 99, under subdivision 16(c), and examination of the cases there mentioned reveals that they have applied it only to members of the litigant's immediate family. But whether such prospective witness be a member of the litigant's immediate family or more distantly related, a rule that discounts his convenience because of the mere fact of such relationship is, in our opinion, unsound.

The convenience of members of a litigant's family, in relation to a motion for change of venue, is somewhat analogous to that of the litigant's employees; and in some jurisdictions, including the one which generally denies to members of the litigant's immediate family the same consideration in regard to their convenience that is accorded to other witnesses in connection with change of

464

venue, it is held that the convenience of witnesses who are employees of the litigant will not generally be given the same consideration, on such a motion, as is given to witnesses who are not so employed. Anno.: 74 A. L. R. (2d) at p. 95. This rule, with respect to the litigant's employee-witnesses, has been expressly rejected in South Carolina. *Skinner v. Santoro*, 245 S. C. 35, 138 S. E. (2d) 645; *Cleland v. Atlantic Coast Line R. Co.*, 245 S. C. 478, 141 S. E. (2d) 339.

While the order under appeal is not expressly based upon the rule before mentioned, the record here does not enable us to say with assurance that it was not influenced by it. The judgment of the lower court must therefore be reversed and the cause remanded for further proceedings consistent with this opinion.

We have not attempted to evaluate the showing made in the circuit court either for or against the motions, and we are not to be understood as intimating any opinion as to how they should be disposed of. That is a matter for determination by the circuit court in the exercise of its discretion under the guidance of sound legal principles.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.