19681

W. R. LIVINGSTON, Respondent, v. CENTRAL REFRIGERATION COMPANY, INC., Appellant

(198 S. E. (2d) 799)

*Messrs. Grimball & Cabaniss,* of Charleston, and *Fulmer, Berry & Alford,* of Columbia, *for Appellant,* cite:

*Messrs. Buist, Moore, Smythe & McGee,* of Charleston, and *George B. Bishop,* of Moncks Corner, *for Respondent,* cite:

August 27, 1973.

*Per Curiam:*

The plaintiff in this action, in 1969, constructed a freezer building on his property in Berkeley County for use in his business of buying and selling fish. The defendant, a South Carolina corporation with its principal place of business in Spartanburg, sold to the plaintiff and installed ·for his use in said building certain refrigeration units. A fire occurred in the building on February 13, 1970, with considerable resulting property damage.

In this action, commenced in Berkeley County in September 1970, plaintiff seeks to recover damages resulting from the fire, charging the defendant with negligent performance of its contract and breach of implied warranty. By an order dated October 2, 1971, the resident judge granted a motion changing the venue to Spartanburg County upon the ground that the defendant, a South Carolina corporation, owned no property and had no agent or place of business within Berkeley County. Thereafter, plaintiff, pursuant to. Code Sec. 10-310(3), moved to change the venue back to Berkeley County on the ground that the convenience of witnesses and the ends of justice would be promoted thereby, such motion by the plaintiff being granted by the resident judge of the Seventh Judicial Circuit by an order dated February 14, 1972, from which the defendant appeals.

At the hearing before the judge on February 8, 1972, defendant requested that such hearing be postponed until it should have had an opportunity to take the

depositions of the persons asserted by the plaintiff to be material witnesses. Such request was refused and the defendant urges that such refusal constituted error. Defendant cites no in point authority in support of this contention. At the most, the request, like other motions for continuance, was addressed to the sound discretion of the hearing judge. When all of the circumstances disclosed by the record are considered, we are unconvinced that there was an abuse of discretion on the part of the hearing judge amounting to an error of law in denying the postponement.

■ Defendant contends that there was error in granting the change of venue.

"We have repeatedly held that a motion for a change of venue, on the grounds here involved, is addressed to the sound discretion of the judge who hears it, and that his decision will not be disturbed by this court except upon a clear showing of abuse of discretion amounting to a manifest error of law. See opinions recently filed in the cases of *Skinner v. Santoro et al.,* 245 S. C. 35, 138 S. E. (2d) 645, 1964; *Oswald v. Oswald et al.,* 245 S. C. 44, 138 S. E. (2d) 639, 1964; and *Gulledge v. Young,* 245 S. C. 88, 138 S. E. (2d) 833, 1964." *Dimery v. Bloom,* 245 S. C. 367, 140 S. E. (2d) 600. See also *Cavalier v. Corley,* 247 S. C. 509, 148 S. E. (2d) 372; West's South Carolina Digest, Appeal and Error, Key No. 915; *Ibid.,* Venue, Key No. 51, 52(1).

We shall not here review in detail the contents of the record. Suffice it to say that a scrutiny of the entire record fails to disclose any showing of abuse of discretion amounting to an error of law on the part of the hearing judge. The judgment is accordingly

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.