## 19690

Sidney N. JACKSON, Respondent, v. H & S OIL COMPANY, INC., Appellant, and Port City Steel Erectors, Respondent. Jean Jacobs JACKSON, Respondent, v. H & S OIL COMPANY, INC., Appellant, and Port City Steel Erectors, Respondent.

(199 S. E. (2d) 71)

*Messrs. Young, Clement & Rivers,* of Charleston, *for Appellant,* cite:

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, and *George B. Bishop,* of Moncks Corner, *for Respondents,* cite:

September 5, 1973.

Moss, Chief Justice:

Sidney N. Jackson and Jean Jacobs Jackson, the respondents herein, instituted an action against H & S Oil Company, Inc., the appellant herein, and Port City Steel Erectors, also a respondent, alleging that they were injured in an automobile accident on November 10, 1970, as a result of a collision between the automobile in which they were riding and an oil tanker owned by the appellant and a truck owned by Port City Steel Erectors. It is alleged that the injuries suffered were the result of the joint and concurrent negligence and recklessness of the appellant and Port City Steel Erectors.

The appellant moved to change the venue from Berkeley County to Georgetown County upon the ground that it was a resident of Georgetown County and had a substantial right to be sued in the county of its residence and, alternatively, asked that the venue be changed to Charleston County for the reason that Porty City Steel Erectors was a resident thereof. The motion to change the venue was secondarily premised on the ground that the convenience of witnesses and the ends of justice would be promoted by such change.

The motion for the change of venue came on to be heard before The Honorable Wade S. Weatherford, Presiding Judge, at which time numerous affidavits in support of the motion were presented by the appellant and in opposition thereto by the respondents. At the hearing Port City Steel Erectors presented no affidavits but announced that it joined in the respondents' opposition to the motion. Thereafter, the trial judge filed his order denying the motions of the appellant. This appeal followed.

The appellant, a domestic corporation, with its principal place of business in Georgetown County and a resident thereof, within the meaning of Section 10-303 of the 1962 Code, has been held subject to the jurisdiction and suable in the Common Pleas Court for Berkeley County upon the

ground that it owns property and transacts business in said county, from which ruling it has appealed to this Court.

The first question for determination is whether the appellant owns property and transacts business in Berkeley County within the meaning of Section 10-421 of the Code, as amended, so as to sustain venue of these actions there. In our opinion, the trial judge was correct in so holding.

Section 10-421 of the Code as amended, provides, *inter alia,* that a domestic corporation may be sued in any county in which it "shall own property and transact business." It appears from the record in this case that the appellant has its principal place of business in Georgetown County but for the past three years has sold and delivered oil in Berkeley County and owns tanks in said county into which the oil is deposited. The purchasers of the oil are billed on a periodic basis for the oil so delivered.

We have held that the right of a defendant in a civil action to trial in the county of his residence, as assured under Section 10-303 of the Code, is a substantial one, but where it appears that it owns property and transacts business in another county, it is subject to the jurisdiction of the courts of such county. *Thomas & Howard Co. v. Marion Lumber Co.,* 232 S. C. 304, 101 S. E. (2d) 848.

The ownership of tanks in Berkeley County into which the oil is deposited comes within the meaning of the term "property" which is required under Section 10-421 of the Code, as amended. *Gibbes v. National Hospital Service Inc.,* 202 S. C. 304, 24 S. E. (2d) 513, and *Peeples v. Orkin Exterminating Co.,* 244 S. C. 173, 135 S. E. (2d) 845.

It appears by the affidavits of customers who reside in Berkeley County that for a period of three years the appellant sold and delivered oil to them. Such was a part of its usual or ordinary business and not merely

a casual, occasional or isolated transaction. *Burris Chemical Inc. v. Daniel Construction Co.,* 251 S. C. 483, 163 S. E. (2d) 618.

The facts in the instance case are not distinguishable from those contained in *Lott v. Claussens, Inc.,* 251 S. C. 478, 163 S. E. (2d) 615. The rule stated in this case is here applicable.

We do not think that there was any error on the part of the trial judge, under the showing made, that the appellant was subject to suit in Berkeley County because it owns property and transacts business in said county.

The appellant alleges that the trial judge was in error in refusing its motion for a change of venue, pursuant to Section 10-310(3) of the Code, on the grounds that the convenience of witnesses and the ends of justice would be promoted by such change.

We have held that a motion for a change of venue, on the grounds above stated, is addressed to the sound judicial discretion of the judge who hears it, and his decision will not be disturbed by this Court except upon a clear showing of abuse of discretion amounting to a manifest error of law. *Dimery v. Bloom,* 245 S. C. 367, 140 S. E. (2d) 600.

We shall not here review the contents of the several affidavits before the Court in support of, and in opposition to, the motion. We have carefully reviewed all of such affidavits and find nothing that warrants the conclusion that the trial judge's order refusing the motion to change the place of trial constituted an abuse of sound judicial discretion amounting to a manifest error of law.

The exceptions of the appellant are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.