18752

Arthur R. HEDEMAN, Harold Depkin, Sea Pines Plantation Company, a South Carolina Corporation, and Walter M. Greer, Taxpayers and Property Owners of Sea Pines Public Service District, Beaufort County, South Carolina, individually and representing all other persons similarly situate, Appellants, v. James C. POSTELL, Chairman and W. H. Branch, James A. Hands, Thomas J. Taylor, and Robert W. Woods, Constituting Sea Pines Public Service District Commission, and Daniel R. McLeod, Attorney General of the State of South Carolina, Respondents.

(159 S. E. (2d) 230)

*Marvin H. Dukes, Esq.*, of Beaufort, *for Appellants,*

*Messrs. Harvey, Harvey & Battey*, of Beaufort, *for Respondents,*

January 24, 1968.

Per Curiam:

The issues in this appeal involve the constitutionality of those provisions of Act No. 1158 of the Acts of the General Assembly of 1964, as amended, which empower Sea Pines Public Service District, in Beaufort County, to impose front

foot assessments against abutting properties in order to defray the cost of constructing water lines along the properties to be assessed. The appeal is from an order of the lower court upholding the constitutionality of the Act. The parties agree in the briefs as to the factual background, from which our statement of the facts is largely taken.

Act No. 1158 of 1964, as amended at the 1967 Session of the General Assembly by Acts Nos. 659 and 662, empowers Sea Pines Public Service District, a special purpose district located on Hilton Head Island in Beaufort County, South Carolina, to issue general obligation bonds in an amount not exceeding $1,500,000 for the purpose, *inter alia,* of constructing a water system. In 1966 the District utilized this authorization to the extent of issuing $100,000 general obligation bonds to construct a water system serving a portion of the District, and in 1967 the District had issued an additional $600,000 of bonds in order to acquire and construct additional waterworks facilities. While the bonds already issued are general obligation bonds, they are additionally secured by a pledge of the revenues derived by the District from the operation of the waterworks system.

The District now proposes to issue additional general obligation bonds in order to enlarge and extend the waterworks system. Act No. 1158 of 1964, as amended, further empowers the District to impose front foot assessments against properties abutting water lines in order to obtain funds to defray a portion of the cost of constructing such waterlines. The District now proposes to utilize this authorization and to provide debt service for additional bonds to be issued by a combination of water service charges and front foot assessments. The District proposes to impose front foot assessments against both properties abutting on previously constructed water lines and on properties abutting on water lines hereafter constructed. This front foot assessment would be on a uniform basis throughout the District at an equal rate per front foot and would apply to abutting properties regardless of whether they were improved or unimproved. The water service charge would also be at a

uniform rate but would be charged only against those properties which utilize the District's waterworks system.

Plaintiffs represent several categories of property owners within the District and brought this action pursuant to the Uniform Declaratory Judgments Act for the purpose of having the Court declare unconstitutional those provisions of Act No. 1158 of 1964, as amended, which empower the District to impose front foot assessments against properties abutting on water lines. The plaintiffs further seek, in the event the authorization to impose such front foot assessments be upheld, that the Court enjoin the implementation of the proposed method of financing which utilizes both front foot assessments and water service charges. Plaintiffs raise a further objection to Act No. 1158 of 1964, as amended, and asked the court to strike the provisions which empower the Commission to adopt regulations requiring all improvements to which the waterworks system is available to utilize the same although the property may be served adequately by a well and pump. By agreement of the parties, this last question was withdrawn from consideration.

The plaintiff Hedeman owns improved property within the District now served by the District's waterworks system, for which service he pays a water service charge. The plaintiff Depkin owns improved property not on the existing waterworks system and adequately served by a well; however, his property will be served by the proposed waterworks system, and he intends to connect therewith. The plaintiff Sea Pines Plantation Company owns undeveloped property within the District not now served by any waterworks facilities. Although this plaintiff has no plans to develop such property, it will be subjected to front foot assessments inasmuch as it will abut the proposed water lines. The plaintiff Greer owns an unimproved building lot within the District which will lie along the proposed water lines, and this property will be subject to front foot assessments on that account. Thus, if the proposed arrangement is put into effect, the plaintiff Hedeman and the plaintiff Depkin will pay both a front foot assessment and a water service charge;

the plaintiff Sea Pines Plantation Company and the plaintiff Greer will pay front foot assessments on their unimproved properties abutting on the water lines.

The defendants consist of the members of Sea Pines Public Service District Commission, the governing body of the District, and the Attorney General of the State of South Carolina. There is no dispute as to the material facts, and the defendants contend generally that the legislation in question is valid and that the Commission may proceed thereunder to implement the proposed financing. This matter was heard before Judge Francis B. Nicholson on September 6 and by his Order dated November 6, he upheld the right of the District to proceed to impose front foot assessments against the properties abutting on water lines hereafter constructed, but held that the legislation did not authorize front foot assessments against properties abutting on existing water lines. The ruling that the present legislation does not authorize such assessments against properties abutting on existing water lines is not challenged. Judge Nicholson further held that a front foot assessment can be validly imposed against abutting property notwithstanding such property may utilize a private water supply. Plaintiffs have appealed from the foregoing order.

Appellants state the questions to be decided as follows:

(1) Can the General Assembly lawfully delegate to a special purpose district the power to impose assessments on a front foot basis against the abutting properties to defray all or a portion of the cost of installing water lines to serve such property?

(2) Can the General Assembly lawfully empower a special purpose district to impose front foot assessments to defray the cost of constructing water lines against abutting properties which are adequately served by an existing private water supply?

(3) Can the General Assembly lawfully empower a public service district to impose front foot assessments to defray the cost of constructing water lines against abutting properties and also require the payment of a water service charge

which may not be imposed against abutting properties utilizing a private water system?

The position of respondents that the appellants have no standing to raise the issues presented under questions 2 and 3 is sustained. These questions are based primarily upon the alleged unconstitutionality of the provisions of the Act which give the District the power to require connection by all properties to the public water system.

Appellants bring this as a class action and the record shows that there is no party who refuses to connect to the public water lines when they are constructed. The plaintiffs, Sea Pines Plantation Company and Greer own vacant property along the proposed lines, with no present plans for improvements. Plaintiff Hedeman is already connected to the existing water system of the District; and the plaintiff Depkin, although now adequately served by a well and pump, admittedly, will voluntarily connect to the public water lines when they are installed.

There is therefore no showing that any right of appellants or the classes to which they belong, is invaded or affected by the legislative provisions challenged under Questions 2 and 3. Under these circumstances, they have no right to litigate such issues. *Hampton v. Dodson,* 240 S. C. 532, 126 S. E. (2d) 564; *Newton v. Hanlon,* 248 S. C. 251, 149 S. E. (2d) 606; *Williams v. Cone,* 249 S. C. 374, 154 S. E. (2d) 682.

The sole question involved then concerns the power of the General Assembly to delegate to the defendant, a special purpose district, the authority to impose front foot assessments against abutting property to defray the cost of constructing water lines to serve such property.

This Court has, in *Newton v. Hanlon,* 248 S. C. 251, 149 S. E. (2d) 606, sustained legislation which provided for the imposition of frontage assessments to defray the cost of installation of sewer lines on which the assessed properties abut. It is conceded that the only material difference between the legislation sustained in Newton and the present act is that the frontage assessments in Newton were

for the installation of sewer lines and here for the installation of water lines.

Therefore, unless a distinction is to be recognized between the power of the legislature to provide for the imposition of front foot assessments against abutting property for the construction of sewer lines and its power to provide for similar assessments for the construction of waterlines, our holding in the Newton case clearly sustains the right to impose the assessments in the manner provided in this case. Plaintiffs contend that such distinction does exist and that this Court has struck down legislation which imposed front foot assessments against abutting property to finance the construction of water lines, relying upon the decision in *Stehmeyer v. The City Council of Charleston,* 53 S. C. 259, 31 S. E. 322.

We do not think that the Stehmeyer decision is controlling here. While it may be distinguished upon other grounds, it is sufficient to point out that the assessments struck down in Stehmeyer differ materially from those authorized under the present legislation. The front foot assessment in Stehmeyer was not limited to the cost of installing waterlines along the abutting property, but was based on the total cost of the water works system, including those portions of the system which were of general use and benefit to the entire city. Under the present legislation however the front foot assessments will be used to defray only the cost of installing the water lines along the abutting property to be assessed. The distinction in the two situations is pointed out in the following from 48 Am. Jur., Special or Local Assessments, Section 33:

"It is generally held that while waterworks, such as wells, reservoirs, standpipes, and pumping stations, are not local improvements, but works of general utility to the inhabitants, and must be paid for by general taxation, the laying of water pipes for the distribution of water along particular streets, for the use of the inhabitants on these streets, is a local improvement for which a special assessment may be

levied against the owners of property situate upon the lines of the water pipes."

There is no distinction in principle between the right of the legislature to establish special purpose sewer districts and special purpose water districts. The establishment of both in order to provide for the protection and preservation of the public health has been sustained. *Mills Mill v. Hawkins,* 232 S. C. 515, 103 S. E. (2d) 14.

Since the underlying purpose for the establishment of such districts and the effect in each case of the public improvement upon abutting properties is basically the same, no sound reason appears to grant the right to impose front foot assessments in order to pay the cost of one and deny such right in the other.

Our holdings in *Newton v. Hanlon, supra,* are therefore equally applicable to the legislation here involved and sustain the validity of the provisions which authorize the imposition of front foot assessments against the abutting properties to defray the cost of installing water lines.

The judgment of the lower court as to Question 1 is accordingly affirmed, and the appeal in other respects dismissed.

Moss, C. J., Lewis, Bussey and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.