17578

Julius Pink GRAHAM, Appellant, v. G. F. BEVERLY, Respondent

(110 S. E. (2d) 923)

*Messrs. J. Ralph Gasque* and *William H. Seals,* of Marion, *for Appellant,*

*Mr. J. Reuben Long, Esq.,* of Conway, *for Respondent,*

November 5, 1959.

LEGGE, Justice.

On May 30, 1958, a collision occurred in Marion County, about four and a half miles south of the City of Marion, between a Ford truck owned by the plaintiff, Graham, and a Chevrolet truck owned by the defendant, Beverly. The plaintiff was driving his truck, and one Ira Smith was a passenger in it. The defendant's truck was driven by his agent, Sam Parker, who was alone. The plaintiff and his passenger live in Marion County; the defendant and his driver live in the adjoining county of Horry. This action was commenced in Marion County. Thereafter the defendant moved for change of venue to Horry County because of his residence there; and the plaintiff at the same time moved that should the defendant's motion be granted the venue be changed back to Marion County for the convenience of witnesses and the promotion of the ends of justice. Defendant's motion was granted; plaintiffs motion was refused, and from the order refusing it he has appealed.

It is not disputed that the defendant resides in Horry County. The only issue here is whether the circuit judge abused his discretion in refusing to grant the plaintiff's motion. That motion was based upon twenty-one affidavits. One was by the passenger Smith, to the effect that he lives "just a few miles from Marion"; that he has employed counsel to institute suit for him; that he has about twenty or twenty-five witnesses, all of whom reside in the City of Marion; that the distance from Marion (the county seat of Marion County) to Conway (the county seat of Horry County) is 33 miles; and that he and his witnesses would be greatly inconvenienced if they should have to go to Conway "for the trial of these cases" and possibly have to attend court there for a day or so. Of the other twenty affiants:

. James McCall, of Marion, did not see the accident, but went to the scene later and took photographs. The gist of his affidavit is that it would be more convenient and less expensive for him to testify in Marion than in Conway.

Eleven are members of the Marion Fire Department who went to the scene after the accident and helped to extricate the plaintiff from his truck. Each avers that it would be "more convenient" for him to testify in Marion than in Conway, and that a trial in Conway would "greatly inconvenience" the fire department and would leave the Marion area without fire protection.

One operates a funeral home and an ambulance service in Marion. He says that to travel to Conway and testify there would greatly inconvenience him and his business.

Another is the ambulance driver, whose affidavit is to the same effect.

One is the Chairman of the Board of Commissioners for Marion County, who is also Supervisor of the Marion County Chain Gang; another is the deputy sheriff of Marion County; another is the owner of the wrecker; two are physicians, of whom one, living in Florence, attended the passenger Smith some six weeks after the accident, and the other, living in Marion, was called to the scene of the accident to administer first aid, and later treated the passenger Smith for his injuries.

One is a neighbor of the plaintiff and Smith. He lives about 6 miles from Marion and about 28 miles from Conway. His affidavit is to the effect that he arrived at the scene of the accident a few minutes after it had happened, and that he is informed that Mr. Smith and the plaintiff "were involved in the wreck".

Each of the affiants before mentioned says that a trial in Conway would cause him inconvenience. Respondent offered no affidavits in opposition to those presented by appellant. There appears to have been no eyewitnesses to the collision except the occupants of the two vehicles.

Suggesting that appellant's witnesses would not be seriously inconvenienced by having to attend trial in Conway rather than in Marion, since the distance between the two cities, by paved highway, is only 33 miles, respondent nevertheless concedes that appellant has carried the burden of proving the first of the two requirements of the Code provision, Section 10-310(3), i. e., that the convenience of witnesses would be served by the proposed change of venue. But he urges that the circuit judge did not err in holding that appellant had failed to establish the other requirement of that section, i. e., that the ends of justice would be better served by such change.

As appellant points out in his brief, it was stated in *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141, and in *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920, that it is promotive of the ends of justice to have the credibility of witnesses passed upon by jurors of the "vicinage". See also *Gregory v. Powell,* 206 S. C. 261, 33 S. E. (2d) 629; *Perdue v. Southern R. Co.,* 232 S. C. 78, 101 S. E. (2d) 47; and *Doss v. Douglass Construction Co.,* 232 S. C. 261, 101 S. E. (2d) 661. We note, in passing, that "vicinage" as there used means the county in which the witnesses reside, whereas in the early days of the common law, when juries were actually witnesses who decided questions of fact upon the basis of their previous knowledge, the word meant "the neighborhood" where the cause of action had arisen or the crime had been committed. 31 Am. Jur., Jury, Sections 5, 6. Sound as may be the view that the credibility of a witness is best judged, and his testimony therefore best evaluated, by a jury of his own county, its importance to the promotion of the "ends of justice" must of necessity depend upon many collateral factors, *e. g.,* the number of eligible jurors in the county, the diversity of their interests, and consequently the degree of knowledge or information that the members of the panel may likely have concerning the character of the witness,—the nature of the testimony to be expected from

the witness, and its relation to the issue of liability. It is applicable no less to the witnesses of one party than to those of the other, and, like other factors bearing upon the issue under discussion, it is a matter addressed to the sound judicial discretion of the judge who hears the motion. It is not, in itself, a formula determinative of that issue.

We have repeatedly held that the right of a defendant in a civil action to a trial in the county of his residence, Code, 1952, Section 10-303, is a substantial one; that in order to overcome that right the plaintiff must show that changing the place of trial would promote not only the convenience of witnesses but also the ends of justice, Section 10-310(3); that such a motion for change of venue is addressed to the discretion of the judge who hears it; and that his decision will not be disturbed on appeal except for manifest abuse of that discretion. *South Carolina Electric & Gas Co. v. Aetna Insurance Co.*, S. C., 110 S. E. (2d) 165.

As before stated, it appears that none of appellant's witnesses, except himself and his passenger, actually witnessed the collision and the circumstances immediately preceding it. The testimony suggested by most of the affidavits before mentioned would seem to be largely cumulative and bearing upon facts apparent after the accident. In our opinion the record here does not warrant the conclusion that the circuit judge's denial of appellant's motion constituted abuse of judicial discretion. *Cf. Brice v. State Co.*, 193 S. C. 137, 7 S. E. (2d) 850.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.