## 17897

Mrs. John BASHA, Respondent, v. WACCAMAW LUMBER & SUPPLY COMPANY, Appellant. Yvonne K. BAROODY, Respondent, v. WACCAMAW LUMBER & SUPPLY COMPANY, Appellant. B. J. BAROODY, Respondent, v. WACCAMAW LUMBER & SUPPLY COMPANY, Appellant.

((124 S. E. (2d) 912)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*Messrs. Arrowsmith & Looper,* of Florence, *for Respondent, Mrs. John Basha,* and *Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondents, Yvonne K. Baroody* and *B. J. Baroody,*

April 5, 1962.

BUSSEY, Justice.

Appeals in these three cases, heard together by agreement of counsel, are from orders of the circuit court granting motions by each of the plaintiffs herein for a change of venue from Horry County to Florence County, upon the ground that the "convenience of witnesses and the ends of justice will be promoted by the change." 1952 Code of Laws, Sec. 10-310(3).

The plaintiffs are all residents of Florence County and the defendant is a South Carolina corporation with its principal place of business located in Horry County. The actions are for the recovery of damages alleged to have been sustained by the several plaintiffs when a truck owned by the defendant collided with the rear of an automobile being operated by the plaintiff, Yvonne K. Baroody, in which the plaintiff Mrs. John Basha was riding as a passenger. In addition to these two plaintiffs, Mildred A. McKain, a resident of Florence County (not a plaintiff) was a passenger in the Baroody automobile. The collision occurred in Berkeley County at or near the town of Moncks Corner. The sole occupant of defendant's truck was the driver thereof, J. P. Hardy, Jr., a resident of the County of Horry. There is no showing that there were any other witnesses to the actual collision.

The record and affidavits upon which the motions for change of venue were heard disclose the following additional facts. Both Mrs. Basha and Mrs. Baroody were confined to McLeod Infirmary in Florence following the collision and they were both attended by Florence physicians, Dr. J. Burr Piggott, Jr., and Dr. John F. C. Hunter. In addition to the doctors, the plaintiffs propose to call as witnesses Dwight

Jenkinson and Jeanette W. Scott, business manager and librarian respectively of McLeod Infirmary in Florence. Mr. John Basha, in his affidavit, says that he is a material witness in his wife's case, and the plaintiff B. J. Baroody alleges that he is a material witness in his wife's case. Mildred A. McKain is, of course, a material witness.

While the greater number of witnesses is not controlling, it appears that altogether there are, exclusive of the three plaintiffs, six residents of Florence County who will likely be called as material witnesses in one or more of the three cases. Mrs. Baroody and Mrs. Basha are material witnesses for each other, and both of them are material witnesses in Mr. Baroody's case. The affidavits set forth in considerable detail the daily duties of the various witnesses and the great inconvenience which would be experienced by each of them should the cases be tried in Horry County rather than Florence County. It was further shown that both Mrs. Baroody and Mrs. Basha were still suffering from their respective injuries which added to the difficulty and inconvenience for them to attend trials in Horry County.

The showing by the defendant is to the effect that, in addition to its driver, only one possible witness resides in Horry County, namely, Don Watts, Jr., an employee of the defendant, who made the repairs to the defendant's truck following the collision. His testimony is of doubtful materiality, there being no counterclaim for damages to defendant's truck. Both the driver and the mechanic, employees of the defendant, show that it would be much more convenient for them to testify in Conway rather than in Florence.

This court has repeatedly held that the right of a defendant in a civil action to a trial in the county of its residence (Code 1952, Sec. 10-303) is a substantial one; that in order to overcome that right, the plaintiff must show that changing the place of trial would promote not only the convenience of witnesses, but also the ends of justice, Sec. 10-310(3); that such a motion for a change

of venue is addressed to the discretion of the judge who hears it and that his decision will not be disturbed on appeal except for manifest abuse of that discretion. *Graham v. Beverly,* 235 S. C. 222, 110 S. E. (2d) 923.

While the right of a defendant in a civil action to a trial in the county of its residence is a substantial one, it is within the sound discretion of the hearing judge to change the place of trial where it is shown that both the convenience of witnesses and the ends of justice would be promoted. *Dison v. Wimbly,* 230 S. C. 187, 94 S. E. (2d) 877; *King v. Moore,* 231 S. C. 421, 98 S. E. (2d) 849.

In our opinion, the record here does not warrant the conclusion that the circuit judge's granting the motions of the several plaintiffs constituted an abuse of sound judicial discretion.

Affirmed.

TAYLOR, C. J., MOSS and LEWIS, JJ., and LEGGE, Acting J., concur.