18268

Mozelle C. OSWALD, Respondent, v. John S. OSWALD and Charlie Patterson, Appellants

(138 S. E. (2d) 639)

*Messrs. Tompkins, McMaster & Thomas,* of Columbia, *for Appellant,*

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellant,*

*Messrs. McNair & Lawton,* of Allendale, *for Respondent,*

October 28, 1964.

*Per Curiam.*

This is an appeal from an order of the Circuit Court refusing a motion for a change of venue from Allendale County to Greenville County, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." Section 10-310(3), 1962 Code of Laws.

This is an action brought by the plaintiff, Mozelle C. Oswald, a resident of Allendale County, against John S. Oswald, a resident of Allendale County, and Charlie Patterson, a resident of Greenville County, as defendants, to recover damages for personal injuries sustained by the plaintiff as a result of an automobile collision occurring in the City of Greenville, on October 28, 1962, between an automobile owned and operated by John S. Oswald and occupied by the plaintiff as a passenger, and an automobile owned and operated by Charlie Patterson.

The defendants, within due time, filed separate answers to the complaint. The defendant, Charlie Patterson, served notice of a motion to change the venue from Allendale County to Greenville County on the ground that the convenience of witnesses and the ends of justice would be promoted by such change and also that he was a resident of Greenville County. No formal motion was made by John S. Oswald to change the venue. The motion to change the venue came on to be heard before the Honorable James Hugh McFaddin, Presiding Judge, and such motion was refused upon the ground that it had not been shown that the convenience of witnesses and the ends of justice would be

promoted by a change of venue from Allendale County to Greenville County. This appeal followed.

This Court has repeatedly held that a motion for a change of venue is addressed to the sound judicial discretion of the Judge who hears it and his decision will not be disturbed by this Court except upon a clear showing of abuse of discretion amounting to manifest error of law. In order to prevail on a motion for a change of venue, the moving party must make a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the change and upon such showing having been made, the burden shifts to the party resisting the motion to overcome it as to at least one of these requirements. This Court has also held that the promotion of the ends of justice is served by having a jury of the vicinage pass upon the credibility of witnesses. *Harper v. Newark Ins. Co.,* 244 S. C. 282, 136 S. E. (2d) 711.

We have also held that the right of a defendant in a civil action to a trial in the county of his residence, pursuant to Section 10-303 of the Code, is a substantial one and such right is sometimes described as a valuable right not to be lightly denied. *McMillan v. B. L. Montague Co.,* 238 S. C. 512, 121 S. E. (2d) 13. While the right of a defendant in a civil action to a trial in the county of his residence is a substantial one, it is within the sound discretion of the hearing judge to change the place of trial where it is shown that both the convenience of witnesses and the ends of justice would be promoted. *Basha v. Waccamaw Lumber & Supply Co.,* 240 S. C. 140, 124 S. E. (2d) 912.

The record discloses that the defendant Patterson will offer four witnesses, including himself, in the trial of this case who are residents of Greenville County. All of these witnesses aver that a trial in Greenville County would be much more convenient for them than to be required to attend court in Allendale County. As op-

posed to this showing, the plaintiff will offer five witnesses, including herself, who are residents of Allendale County and each of them aver that a trial in Greenville County would cause them inconvenience and that it would be more convenient for them to attend court in Allendale County.

Upon the entire record the Circuit Judge concluded that Patterson had not shown that the convenience of witnesses and the ends of justice would be promoted by granting his motion. In our opinion, the record here does not warrant the conclusion that the Circuit Judge's order refusing the motion to change the place of the trial of this case from Allendale County to Greenville County constituted an abuse of sound judicial discretion amounting to manifest error of law.

Affirmed.