18565

Mozelle C. OSWALD, Respondent, v. SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Pinkerton National Detective Agency, Inc., and Richard K. Atkinson, Appellants.

(150 S. E. (2d) 612)

*Messrs. Henderson, Salley, Cushman & Summerall,* of Aiken, and *Turner, Padget, Graham & Laney,* of Columbia, *for Appellants,*

*Messrs. Lawton & Myrick,* of Allendale, *and Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent,*

October 14, 1966.

Moss, Chief Justice.

This is an appeal from an order of the Richland County Court of Common Pleas granting a motion for a change of venue from Richland County to Allendale County, upon the grounds that "the convenience of witnesses and the ends of justice would be promoted by the change." Section 10-310(3), 1962 Code of Laws. The present action is a sequel to *Oswald v. Oswald et al.,* 245 S. C. 44, 138 S. E. (2d) 639, which was an action for personal injuries sustained by the plaintiff therein as a result of an automobile collision occurring in the City of Greenville on October 28, 1962, between an automobile owned and operated by John S. Oswald and occupied by the plaintiff as a passenger, and an automobile owned and operated by Charlie Patterson. That case also came before this Court on an appeal from an order disposing of a motion for a change of venue. It appears from the record in this case that the personal injury case was compromised.

The plaintiff in the present case is the same as the plaintiff in the first action. By her complaint she alleges that the defendant Southern Farm Bureau Casualty Insurance Company, the insurance carrier in the earlier action which finally negotiated the settlement, employed in May 1964, the de-

fendant Pinkerton National Detective Agency, Inc., to keep her under surveillance and observation. It is further alleged that such surveillance and observation were made by the defendant Atkinson, an employee of the defendant Pinkerton. It is further alleged that the defendant Atkinson carried out his surveillance and observation of the plaintiff in such a manner as to invade her privacy and on one occasion hid himself in an unoccupied dwelling house adjoining the home of the plaintiff, without the consent or permission of the owner, and there secretly "spied upon and peeped" at the plaintiff in the privacy of her home and took photographs of her, likewise invading the sanctity and privacy of her home.

This action was originally brought in Allendale County. The defendants moved to have the venue changed from Allendale County to Richland County on the ground that no defendant other than Southern Farm Bureau Casualty Insurance Company is a resident of Allendale County or subject to the jurisdiction of that County for venue purposes, and that the defendants Pinkerton and Atkinson were residents of Richland County. By order, dated August 21, 1965, the Honorable W. L. Rhodes, Jr., Resident Judge of the Fourteenth Judicial Circuit, held that the relation between Pinkerton and the insurance company was not one of agency but that Pinkerton was an independent contractor. He also held that the insurance company was an immaterial party and granted the defendants' motion for a change of venue to Richland County. Thereafter, the plaintiff made a motion to have the venue changed from Richland County to Allendale County upon the grounds that the convenience of witnesses and the ends of justice would be promoted by such change. By order, dated April 5, 1966, the Honorable James Hugh McFaddin, Presiding Judge of the Fifth Judicial Circuit, granted the motion. The defendants have appealed from his order.

> This Court has repeatedly held that a motion for a change of venue is addressed to the sound judicial discretion of the judge who hears it and his decision

will not be disturbed by this Court except upon a clear showing of abuse of discretion amounting to manifest error of law. *Skinner v. Santoro et al.,* 245 S. C. 35, 138 S. E. (2d) 645; *Oswald v. Oswald et al.,* 245 S. C. 44, 138 S. E. (2d) 639; *Gulledge v. Young et al.,* 245 S. C. 88, 138 S. E. (2d) 833.

We have also held that the right of a defendant in a civil action to a trial in the county of his residence, pursuant to Section 10-303 of the Code, is a substantial one and such right is sometimes described as a valuable right not to lightly denied. *McMillan v. B. L. Montague Co.,* 238 S. C. 512, 121 S. E. (2d) 13. While the right of a defendant in a civil action to a trial in the county of his residence is a substantial one, it is within the sound discretion of the hearing judge to change the place of trial where it is shown that both the convenience of witnesses and the ends of justice would be promoted. *Basha v. Waccamaw Lumber & Supply Co.,* 240 S. C. 140, 124 S. E. (2d) 912; *Skinner v. Santoro et al.,* 245 S. C. 35, 138 S. E. (2d) 645 and *Oswald v. Oswald et al.,* 245 S. C. 44, 138 S. E. (2d) 639.

The only issue raised by the exceptions is whether the circuit judge abused his discretion in granting the plaintiff's motion for a change of venue. The motion was based upon affidavits which show that the plaintiff will offer twelve witnesses, including herself, who are residents of Allendale County. These witnesses all aver that a trial in Richland County would cause them inconvenience and that it would serve their convenience to attend court in Allendale County. She has three other witnesses, all of whom are members of the South Carolina Law Enforcement Division. One of those witnesses lives in Barnwell County, which adjoins Allendale County. The other two live in Richland County but filed affidavits stating that although they lived in Richland County they worked over the entire state and that it would not be inconvenient for them to attend court in Allendale. As opposed to this showing, the defendants will offer eight and possibly nine witnesses. Seven of these witnesses, including the defendant Atkinson, live in

Richland County, and two live in Lexington County. Each of these witnesses aver that a trial in Allendale County would cause them inconvenience and that it would be more convenient for them to attend court in Richland County.

Upon the entire record, the circuit judge concluded that the plaintiff's affidavits were sufficient to carry the burden of making the *prima facie* showing that the convenience of witnesses and the promotion of justice will both be met by transferring this case from Richland County to Allendale County and that the defendants failed to defeat the showing made by the plaintiff. In our opinion, the record here does not warrant the conclusion that the circuit judge's order granting the motion to change the place of the trial of this case from Richland County to Allendale County constituted an abuse of sound discretion amounting to manifest error of law.

It is contended by the defendants that the circuit judge erred in considering as material his conclusion that the only witness for the defendants who knows anything about the facts in the case is the defendant Atkinson. Their contention is based upon the following statement contained in the circuit judge's order: "The only witness who knows anything about the specific facts of what happened in the instant case is the defendant Atkinson who is a resident of Richland County." Upon reading the statement in its context in the order and upon the entire record, we are of the view that the circuit judge did not discount the affidavits relating to other witnesses as suggested by the defendants. In its context the statement indicates that the trial judge concluded that Atkinson is the only one of the defendants' witnesses who has actual knowledge of the events which took place in Allendale. From a review of the record, that conclusion is true and is material to the issue.

The order appealed from is affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.