19047

J. W. BOUVY, Respondent, v. N. W. WHITE & COMPANY, Appellant. June M. BOUVY, Respondent, v. N. W. WHITE & COMPANY, Appellant. April BOUVY, a minor over Fourteen (14) years of age, by her Guardian ad Litem, J. W. Bouvy, Respondent, v. N. W. WHITE & COMPANY, Appellant.

(174 S. E. (2d) 347)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

E. *Pickens Rish, Esq.*, of Lexington, *for Respondents,*

May 4, 1970.

BRAILSFORD, Justice.

The sole question involved on this appeal is whether the circuit judge erred in refusing defendant's motion under Section 10-310, Code of 1962, to change the place of trial of this action from Lexington County to Richland County, upon the grounds that the convenience of the witnesses and the ends of justice would be promoted by the change.

The action arises out of a collision between an automobile driven by plaintiff, June M. Bouvy, which was the property of her husband, J. W. Bouvy, and in which her minor daughter, April Bouvy, was a passenger, and a truck of the defendant N. W. White & Company.[1]

The collision occurred in Richland County where the Bouvys and the defendant's truck driver reside. The defendant's principal place of business is in Richland County, but it operates as a motor carrier in Lexington County and may be sued there under Section 58-1470, Code of 1962.

The right of a plaintiff to bring an action against a licensed motor carrier in any county through which such carrier operates is, of course, subject to the power of the court to change the place of trial upon a showing that *both* the convenience of the witnesses and the ends of justice will be furthered by the change. It is well settled that an application for change of venue on these grounds is addressed to the discretion of the judge who hears it, and his action thereon will not be disturbed on appeal except upon a clear showing of abuse of discretion amounting to

---

[1] Each of the Bouvys brought an action against White, and the same motion was made in all three actions. The appeals have been consolidated, and this opinion, which refers to June M. Bouvy as plaintiff, will apply to all three cases.

manifest error of law. *Miller v. Miller,* 248 S. C. 125, 129, 149 S. E. (2d) 336, 339 (1966).

In support of its motion the defendant submitted the affidavits of seven prospective witnesses, each of whom says that he is a resident of Richland County, and that it would be more convenient for him to attend court in the county of his residence than in Lexington County. This is merely stated as the conclusion of each of these affiants, without any facts, other than that of residence, bearing upon the question being stated.

The motion below was heard by Honorable George Bell Timmerman, Jr., resident judge of the Eleventh Judicial Circuit, which includes Lexington County. Judge Timmerman is thoroughly familiar with travel between Columbia and Lexington and with traffic and parking facilities near the respective courthouses. Taking into account all relevant factors, he concluded that defendant had failed to show that the convenience of the witnesses would be promoted by changing the place of trial.

The defendant urges that this conclusion was an abuse of discretion because affidavits submitted by it made out a *prima facie* showing, and the plaintiff made no contrary showing. The short answer is that in the light of his own knowledge of conditions the judge concluded that defendant's affidavits were insufficient to establish *prima facie* that the convenience of the witnesses would be promoted. The judge was not required, as the defendant seems to suggest, to lay aside his own knowledge and experience and to accept the conclusions of the affiants that their convenience would be served by a trial in Richland County. This court recognized in *Miller v. Miller, supra,* 248 S. C. 125, 149 S. E. (2d) 336 (1966), that the mere fact of residence in Richland County was not a showing that a witness "would be inconvenienced by traveling the short distance to testify at a trial in Lexington County." *Id.* at 130, 149 S. E. (2d) at 339. It was not an abuse of discre-

tion for the judge to decline to accept the contrary conclusions of the affiants in this case.

As to the second requirement of the statute, defendant's reliance is strictly upon *Utsey v. Charleston, S. & N. R. R.*, 38 S. C. 399, 17 S. E. 141 (1893), in which it was said that it is promotive of the ends of justice to have the credibility of the witnesses passed upon by jurors of the vicinage and upon the numerous subsequent decisions of this court in which this case has been cited and applied.[2] Many of our decisions suggest a rigid adherence to this rule where all of the material witnesses are from the county to which removal is sought or none is from the county in which the action was brought, *e. g. Reynolds v. Atlantic Coast Line R. R.*, 217 S. C. 16, 59 S. E. (2d) 344 (1950). To so construe and apply *Utsey* is inconsistent with the settled rule that a motion under the statute is addressed to the sound judicial discretion of the judge. This dilemma was resolved in *Graham v. Beverly*, 235 S. C. 222, 110 S. E. (2d) 923 (1959), where Justice Legge, speaking for a unanimous court, stated:

"Sound as may be the view that the credibility of a witness is best judged, and his testimony therefore best evaluated, by a jury of his own county, its importance to the promotion of the 'ends of justice' must of necessity depend upon many collateral factors, *e. g.*, the number of eligible jurors in the county, the diversity of their interests, and consequently the degree of knowledge or information that the members of the panel may likely have concerning the character of the witness,—the nature of the testimony to be expected from the witness, and its relation to the issue of liability. It is applicable no less to the witnesses of one party than to those of the other, and, like other factors bearing upon the issue under discussion, it is a matter addressed to the sound judicial discretion of the judge who hears the motion. It is not, in itself, a formula determinative of that issue." 235 S. C. at 226-227, 110 S. E. (2d) at 925-926.

---

[2] Apparently, this doctrine has never gained acceptance outside of South Carolina. Annot., 74 A. L. R. (2d) 135 (1960).

In the later case of *Harper v. Newark Ins. Co.*, 244 S. C. 282, 136 S. E. (2d) 711 (1964), we reversed an order of the Darlington County Court refusing to change the venue of an action on a fire insurance policy to Horry County, where the loss occurred and where plaintiff and all of the witnesses resided. The *Graham* case was not mentioned in the opinion and pre-*Graham* decisions stating the *Utsey* rule were cited. However, other factors were involved. The result in *Harper* is not necessarily inconsistent with the rule carefully formulated in *Graham,* and there was no intention to modify or overrule it. That the witnesses in this case reside in Richland County was only a factor to be considered by the circuit judge, along with other relevant factors, in deciding whether the ends of justice would be promoted by changing the place of trial.

Of the seven persons whose affidavits were submitted by the defendant, two (officers of the defendant corporation) appear to be immaterial witnesses; three (a radiologist, mechanic, and police officer) appear to be non-controversial; one is a possible eyewitness who says that she "was a witness to (the) wreck," but she does not say from what vantage point, nor whether she can throw any real light on the cause of the collision; the seventh is the defendant's truck driver.

Both Lexington and Richland are populous counties. The Columbia metropolitan area lies in both counties and has experienced tremendous growth in recent years. Many inhabitants of the area live in one county and work in the other. The mere fact that the witnesses referred to above resided in Richland County at the commencement of the action, which is all that the record discloses, does not impel the inference that any material witness would likely be better known to Richland County jurors than to jurors of Lexington County. Under all of the circumstances, we cannot say that Judge Timmerman abused his discretion or committed error of law by concluding that to transfer the

case to Richland County for trial would not promote the ends of justice.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.

