19998

Joseph H. VARNADOE, Plaintiff-Respondent, v. J. Virgil HICKS, d/b/a Better Homes, et al., Defendants-Appellants

(213 S. E. (2d) 736)

*Messrs. Robinson, McFadden, Moore & Pope,* of Columbia, *for Appellant, J. Virgil Hicks,* and *W. D. Rhoad,* of Bamberg, *for Appellant, C. Horace Darnell,*

*Messrs. Whaley, McCutchen* and *Blanton,* of Columbia, *for Respondent,*

April 15, 1975.

LEWIS, Justice:

This is an appeal from an order of the lower court denying a motion for a change of venue from Richland to Bamberg County.

The plaintiff, a former resident of Bamberg County and now residing just across the Bamberg County line in Colleton County, brought this action in Richland County to recover for the loss of his residence in Barnwell County from fire. The action was brought against the defendants-appellants J. Virgil Hicks, d/b/a Better Homes and C. Horace Darnell, d/b/a Bamberg Electric and Refrigeration Company, both residents of Bamberg County; the defendant Luxaire, Inc., a foreign Corporation; and the defendant Epting Distributors, Inc., a South Carolina Corporation, with its principal office in Columbia, Richland County.

With his answer, the defendant Darnell filed a motion, pursuant to Section 10-310(3) of the 1962 Code of Laws, for change of venue of the action from Richland County, to the county of his residence, Bamberg County, on the ground that the convenience of witnesses and the ends of justice would be promoted by the change. The defendant Hicks, also a resident of Bamberg County, joined in a motion for a change of venue; and the defendants Luxaire, Inc., and Epting Distributors of Columbia, Inc., filed a joint

return to the motion stating that they did not oppose the granting of the same.

Section 10-310(3), *supra,* requires that both the convenience of witnesses and the ends of justice must be promoted before a change of venue will be granted. A motion for change of venue on these grounds is addressed to the discretion of the judge who hears it.

The record fails to show that any witness would be called from Richland County and the trial judge found that the convenience of the witnesses would be served by a change of venue to Bamberg County, but held that the ends of justice would not be promoted thereby. He therefore entered an order denying the motion. The defendants have appealed from that order.

It is undisputed that the convenience of the witnesses would be served by changing venue to Bamberg County. The sole question for decision then is whether the denial of the motion on the ground that the ends of justice would not be promoted by the change constituted an abuse of discretion.

The showing, as here, of convenience of witnesses constitutes some evidence that the change would promote the ends of justice. As held in *Bouvy v. N. W. White & Co.,* 254 S. C. 164, 174 S. E. (2d) 347, convenience of witnesses is "a factor to be considered by the circuit judge, along with other relevant factors, in deciding whether the ends of justice would be promoted by changing the place of trial."

The weight to be accorded a showing of convenience of witnesses on the issue of promotion of justice depends upon the facts of the particular case; and where there are no other relevant factors, of course, the fact that the convenience of witnesses would be served requires a finding that the change would also promote the ends of justice.

The sole basis for the finding that the ends of justice would not be promoted by the change is the fact that the defendant Hicks is the Mayor of the City of Bamberg, the county seat of Bamberg County. The trial judge concluded that the office of Mayor of Bamberg carries with it a tremendous amount of influence not only in the City of Bamberg but also in Bamberg County, and that such official status of the defendant Hicks would deprive plaintiff of a fair and impartial trial in Bamberg County. The finding that influence arising from the official status of the defendant Hicks would deprive plaintiff of a fair and impartial trial in Bamberg County is completely without factual support in the record.

The mere fact that the defendant Hicks holds an official position in Bamberg County does not justify the conclusion that a fair and impartial trial cannot be had in that county. *South Carolina Electric and Gas Company v. Aetna Insurance Company,* 235 S. C. 147, 110 S. E. (2d) 165; 92 C. J. S., Venue, Section 144, p. 855.

Since the only evidence in the record established that the convenience of witnesses and the ends of justice would be promoted by a change of venue to Bamberg County, the denial of the motion for such change constituted an abuse of discretion. *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338.

Reversed and remanded for entry of an order transferring the case to Bamberg County for trial.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.