## 20242

James P. STEVENS, Respondent, v. The SUN NEWS and the State-Record Company, Appellants.

(226 S. E. (2d) 236)

*Messrs. John B. McCutcheon,* of Conway, *and Robinson, McFadden, Moore & Pope,* of Columbia, *for Appellants,*

*J. M. Long, Jr., Esq.,* of Conway, *and Walter J. Bristow,* of Columbia, *for Respondent,*

June 15, 1976.

NESS, Justice:

The appellants, two newspaper companies, are defendants in a libel action instituted by the plaintiff-respondent, James P. Stevens. Appellants moved for a change of venue, contending that due to the notoriety and political influence of the plaintiff and several of his associates, who will likely testify during the trial of the case, a fair and impartial trial could not be conducted in Horry County. Additionally, appellants argue that a letter, written by respondent in reply to the allegedly libelous article and published in another local newspaper, requires a change of venue. The motion was made pursuant to S. C. Code § 10-310(2) 1962.

The trial court denied the motion and in its order stated: "[a]lthough impressed with the potential influence of Plaintiff and other of his associates . . . my experience does not indicate that it would be impossible to secure an Horry County jury free of partiality . . . The motion is supported only by affidavits of counsel, which basically are conclusory in nature. The showing made is not sufficient to support a change of venue." We affirm.

Appellants submit the trial court's decision was controlled by three errors of law: first, that it acted upon the basis of "my experience" without disclosing the nature of the experience; second, that he considered the necessity for a change of venue in terms of the "impossibility of securing a jury free of partiality" instead of the statutory requirement

that venue *may* be changed "[w]hen there is reason to believe that a fair and impartial trial can not be had . . ." S. C. Code § 10-310(2) ; and third, that the affidavits relied upon by the defendants were basically conclusory in nature, when in fact they supported a change of venue.

The questions presented by appellants seek alternative relief. Acceptance of either of the first two contentions would require a remand of the case for the lower court to pass upon the motion within the confines of controlling principles of law. The third argument, read in conjunction with appellants' exceptions, [1] urges the affidavits properly presented *facts* to the lower court and a change of venue should have been granted.

The first argument concerning the judge's reference to "my experience" is pedantic and obviously without merit. Denial of the motion based upon "my experience" does no more than articulate the decision making process any judge employs when exercising his discretion. The judge examined the averments in the affidavits, and called upon his experience as a human being, lawyer and trial judge to determine whether the facts alleged, within applicable principles of law, justified a change of venue. Any discretionary decision applying the appropriate legal principles to a factual situation calls upon the experience of the judge. The lower court's reference to "my experience" does not represent proof of any odious methodology, as implied by appellants, from which the judge arrived at a decision. In fact, knowledge and experience of the trial judge has been explicitly recognized in consideration of a motion for change of venue. In *Bouvy v. N. W. White & Co.,* 254 S. C. 164, at page 167, 174 S. E. (2d) 347, at page 348 (1970) the court noted, "[t]he judge was not required, as the defendant seems to suggest, to lay aside his own knowledge and experience . . ."

---

[1] One of the exceptions argues an abuse of discretion.

Second, appellants argue the lower court was controlled by an error of law in the exercise of its discretion. The court found it would not be "impossible to secure an Horry County jury free of partiality." Appellant urges the statutory standard authorizing a change of venue is much broader. The statute states a change of venue *"may"* issue if "—there is *reason to believe* that a fair and impartial trial cannot be had . . ." (Emphasis added). We are convinced the appellants did not make out a *prima facie* showing supporting a change of venue; therefore, it becomes unnecessary to decide whether the exercise of the trial judge's discretion was controlled by a misconstruction of the applicable law or whether the language chosen by the trial judge was merely a linguistic substitute for the statutory standard. See discussion *infra*.

Last, appellants argue their affidavits allege facts requiring a change of venue and the lower court abused its discretion in refusing the motion. Further factual recitation is required in order to fully comprehend the appellants' position.

Respondent's libel action is based upon an allegedly defamatory newspaper article published prior to August 1974. The article concerned the respondent's alleged interest in a closely held corporation and the alleged unethical activities of that corporation, and republication of allegedly defamatory statements attributed to respondent's former sister-in-law. On August 29, 1974, the respondent wrote a letter to the editor of another local newspaper, The Journal American, denouncing appellant, Sun News, and denying any improper conduct.

Appellants submitted two affidavits which were authored by their counsel, *a member of the Richland County Bar*. In the first affidavit, certain uncontested facts are averred. In summary, counsel stated that the respondent is a prominent and influential citizen in Horry County, currently holding the office of State Senator with twenty years seniority in that

position. Further, many of the persons owning an interest in the corporation were local public officials of great influence and that a portion of one of the allegedly defamatory articles refers to a law suit arising out of an abuse of power by the respondent and several of the officials. These facts are followed by counsel's opinion that due to the prestige and influence of the respondent and associates, appellants could not receive a fair trial in Horry County.

The second affidavit states that due to the respondent's reply letter, which excoriated appellant, Sun News, and referred to its "poisoned pens," a jury would have been subjected to prejudicial pretrial publicity.

Respondent submitted an affidavit in which he states that Horry County has a diversified citizenry, including many business, urban, rural and tourist interests. Further, he states the population of Horry County is 69,000 and that he personally does not know most of these people. Based on these facts, respondent opined that a fair trial could be conducted in Horry County.

The trial court would have abused its discretion had he granted appellants' motion because it lacked adequate supporting affidavits. As the moving party, the appellant has the burden of establishing its entitlement to a change of venue. When a party moves for change of venue based on unfair publicity or substantial influence of an opponent which would deprive it of a fair trial, the burden is formidable. It is universally recognized that a keystone to efficient and responsible adjudication is trial by jury of the vicinage; in *Utsey v. Charleston, etc., R. R. Company,* 38 S. C. 399, 405, 17 S. E. 141, 143 (1893) this Court held, "[t]he very object of our jury system, in requiring jurors from the vicinage to pass upon the credibility of witnesses, is the promotion of the ends of justice." See also *Graham v. Beverly,* 235 S. C. 222, 110 S. E. (2d) 923 (1959) which modified the holding of Utsey but restated the desirability of conducting the trial by a jury of the vicinage. Also, see

*Bouvy v. N. W. White & Co., supra.* Therefore, a party seeking a change of venue must persuade the court of the necessity to remove the trial from a local jury.

Normally, a party's popularity, influence, or reputation is not an adequate basis, in and of itself, to justify a change of venue. *South Carolina Electric & Gas Company v. Aetna Ins. Co.,* 235 S. C. 147, 153, 110 S. E. (2d) 165, 168 (1959). Furthermore, in the cited case, this Court adopted the following quotation from a Texas case, "[a] good name ordinarily is and rightfully should be a benefit rather than a burden to its bearer by virtue of which he should be protected rather than penalized." The question becomes: does the fact that a party or material witnesses occupy public office create an exception to this general rule?

In the recent case of *Varnadoe v. Hicks,* 264 S. C. 216, 213 S. E. (2d) 736 (1975), a motion for a change of venue premised solely on the fact that defendant was Mayor of the City of Bamberg, county seat of Bamberg County, was granted by the lower court. It concluded that the office of Mayor "carries with it a tremendous amount of influence . . . that such official status . . . would deprive plaintiff of a fair and impartial trial." We reversed the lower court and held that it had abused its discretion in arriving at the conclusion because the conclusion was without factual support.

In the instant case, no affidavits were secured from local residents stating that they could not render a just verdict if sworn as jurors, or that, based on their experience as *residents* of Horry County, any jury selected would be subjected to foreign influences. Thus, there is no linchpin between the official status of the respondent and associates and any *actual* or *potential* impact upon prospective jurors. The record is as barren as that in *Varnadoe v. Hicks, supra.* Appellants did not satisfy the statutory requirement that "there is reason to believe a fair and impartial trial can not be had."

The affidavits are sapped of any forcefulness. The underlying facts which counsel has stated do not even relate that he has visited Horry County, conversed with the citizens and been told of the likelihood of any prejudice. In the absence of proof by affidavits from the residents of Horry County averring that any prejudice will exist, or an explanation concerning the inability to secure affidavits, appellants have failed to establish that prospective jurors will not exercise that degree of independence our common law system and their oath of office demands.

Additionally, the affidavits of counsel, employed by a party to the action, certainly do not bear that degree of neutrality expected to persuade a court of the necessity for a change of venue. This is no adverse reflection upon the integrity of counsel. It is merely a recognition that counsel's opinion is stamped with the viewpoint of an ardent advocate which necessarily melds his interest with that of his client. It was said in *Patterson v. Charleston & W. C. Railway Co.*, 190 S. C. 66, 74, 1 S. E. (2d) 920, 923 (1939); "[b]ut this (the need for a change of venue to secure a fair and impartial trial) should be determined not alone upon the sole affidavit of the party affected. A strong showing otherwise should be submitted to the Court, or else a satisfactory explanation given as to the reason why other affidavits could not be obtained." Quoted again with approval in *Rice v. Hartness Bottling Works, Inc.*, 226 S. C. 532, 86 S. E. (2d) 67 (1955).

Equally unavailing is the naked assertion by the appellants' counsel that respondent's reply letter, published one year prior to the ruling on the motion for a change of venue, so inflamed or contaminated the prospective jurors as to warrant a change of venue. The impact of pretrial publicity at the time of trial would be the focus of any inquiry concerning prejudicial publicity. *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607 (1967); *State v. Fowler,* S. C.,

222 S. E. (2d) 497, Smith's February 18, 1976; *Wansley v. Slayton,* 487 F. (2d) 90 (4th Cir. 1973).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.