20513

Mamie Lee DAVENPORT, as Administratrix of the Estate of Mary Ann Pitts, Respondent, v. George SUMMER and the County of Newberry, Appellants.

(237 S. E. (2d) 494)

*James D. Jefferies,* of Greenwood, and *T. W. Hunter,* Newberry, *for Appellants,*

*J. Carlisle Oxner, Jr.,* of Columbia, *for Respondent,*

September 14, 1977.

GREGORY, Justice:

This is an appeal by George Summer and the County of Newberry from an order of the lower court granting respondent's motion for a change of venue from Newberry County to Laurens County. The question presented on appeal is whether a person's good name, position as a holder of public office, and family ties, without more, demonstrate local prejudice in favor of a party sufficient to justify a change of venue. We find the lower court did not apply the proper standard to the affidavits submitted in support of the motion for change of venue and thus abused its discretion.

This action arises from the collision of the vehicle occupied by respondent's intestate and that driven by Mr. Summer while the latter was on an official call in his capacity as Newberry County Coroner. As a result of the collision Mary Ann Pitts and Minnie Lee Pitts died and Stewart Pitts received personal injuries. By stipulation, disposition of this appeal will control the cases of Minnie Lee Pitts and Stewart Pitts.

At trial the jury returned a verdict for appellants. On motion of respondent the trial judge ordered a new trial on the ground that the verdict was against the greater weight of the evidence. Respondent then moved for a change of venue under Section 10-310(2), 1962 Code of Laws of South Carolina, as amended (now codified as Section 15-7-100(2), 1976 Code) which provides that the court may change the place of trial when there is reason to believe that a fair and impartial trial cannot be had in the county designated in the complaint.

Counsel for respondent submitted his own affidavit and those of six residents of Newberry County in support of respondent's motion. Although counsel's affidavit does not bear that degree of neutrality expected to persuade a court of the necessity for a change of venue, *Stevens v. Sun News,* 267 S. C. 63, 226 S. E. (2d) 236 (1976), the remaining affidavits each state that "any jury selected in the County of Newberry would be subjected to foreign influence, and that prejudice would exist in favor of George Summer and it would be impossible to draw a jury on which there shall not be one or more persons who are affected so as to not give a fair and impartial verdict in these causes of actions."

With the exception of counsel's affidavit, only one of the affidavits presented on behalf of respondent sets forth any underlying facts upon which the trial judge could base a finding of local prejudice sufficient to justify a change of venue. The remaining five affidavits are conclusory only.

This Court's review is limited to deciding whether the lower court made an error of law "so opposed to a sound discretion as to amount to a deprivation of the legal rights of [the party opposing the motion for change of venue]." *O'Shields v. Caldwell,* 208 S. C. 245, 37 S. E. (2d) 665, 666 (1946). We keep in mind two other rules of law: (1) the burden on the moving party is formidable; and (2) the right of a defendant in a civil trial to be tried in the county of his residence is a substantial one and should not be lightly ignored. *Stevens, supra.*

The trial judge granted the change of venue after finding "there is no question as to Mr. Summer's thorough reputation for soundness and integrity in all respects and the fact that he would act with utmost circumspection in the trial of any of these cases." The basis for the lower court's decision to grant respondent's motion was its determination and finding that the jury would be unable to disregard Mr. Summer's good reputation: "I simply conclude that the probabilities of a Newberry County jury being able to lay aside the parties respective identities is sufficiently doubtful in nature to warrant change of venue." Here the lower court erred by failing to apply the correct legal standard.

The standard to be employed by a court considering a motion for change of venue under Section 15-7-100(2), 1976 Code, is whether "there is reason to believe that a fair and impartial trial cannot be had." A finding by the lower court that the jury would be unable "to lay aside the parties respective identities," without more, is not sufficient to meet the requirements of the statute. The standard to be applied is strict and the burden on the moving party is formidable, for, as we stated in *Stevens, supra:* "[A] good name ordinarily is and rightfully should be a benefit rather than a burden to its bearer."

The lower court's decision to grant respondent's motion was controlled by an error of law and thus constituted an abuse of discretion. Accordingly, we reverse.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.