23471

Cathy Davis LANCASTER, as Administrator for the Estate of Carl L. Davis, Jr., deceased, Respondent v. Dr. Gerald FIELDER and Wallace Thomson Hospital, Petitioners.

(409 S.E. (2d) 375)

Supreme Court

*William M. Hagood, III,* Greenville, *for petitioner Dr. Gerald Fielder.*

*Ronald H. Colvin,* Spartanburg, *for petitioner Wallace Thomson Hosp.*

*Charles J. Hodge,* Spartanburg, *for respondent.*

*Stephen P. Williams,* Columbia, *for amicus curiae S.C. Medical Ass'n.*

Heard May 7, 1991.

Decided Sept. 9, 1991.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

HARWELL, Justice:

We granted petitioners' petition for writ of certiorari to review the Court of Appeals' decision[1] in this wrongful death action. The issues presented are whether the Court of Appeals properly dismissed the appeal because petitioners failed to appeal the final judgment and whether the trial judge abused his discretion in transferring venue in this case. We affirm the Court of Appeals, as modified.

## I. FACTS

Respondent Cathy Davis Lancaster commenced this wrongful death action alleging that the decedent's death was caused by the medical negligence of petitioners, Dr. Gerald Fielder and Wallace Thomson Hospital. On the first day of trial, prior to jury selection, respondent made a motion for change of venue on the ground that an impartial jury could not be obtained in Union County. The trial judge denied the motion.

Both sides submitted expanded *voir dire* to the trial judge. There were forty-six (46) members on the jury panel. Fifteen (15) members of the jury venire were excused for cause. Out of the remaining jury venire, fourteen (14) jurors had a direct or indirect doctor-patient relationship with Dr. Fielder. Although respondent exercised all of her strikes against patients of Dr. Fielder, eight (8) of the jurors seated were either Dr. Fielder's patients or had family members treated by Dr. Fielder.

After selection of the jury, respondent renewed her motion for change of venue, but the trial judge denied the motion. During the course of the trial, respondent made two motions for mistrial based on the discovery that one of the jurors was the mother of an operating room technician at Wallace Thom-

---

[1] *Lancaster v. Fielder*, Memorandum Opinion No. 90-MO-076 (Ct. App. filed August 28, 1990).

son Hospital, and that another juror was the aunt of a testifying witness who was an employee of Wallace Thomson Hospital. These motions for mistrial were also denied.

The case resulted in a mistrial because the jury was deadlocked. Immediately following the mistrial, respondent renewed her motion for change of venue. The trial judge granted the motion, over the objection of petitioners. While preserving their right to appeal the trial judge's decision to transfer venue, petitioners agreed to try the case in Laurens County.

When the case came up for trial in Laurens County, petitioners moved that venue be transferred back to Union County on the ground that the case had been improperly transferred. The motion was denied. The trial resulted in a verdict against both petitioners in the sum of $50,000 in actual damages. Petitioners moved for a new trial on the ground that venue had been improperly transferred to Laurens County. The trial judge denied the motion.

Petitioners appealed from the order of the first trial judge, which granted respondent's motion for change of venue, and from the order of the second trial judge, which denied petitioners' post-trial motions for a new trial on the issue of venue. The case was assigned to the Court of Appeals. The Court of Appeals dismissed the appeal, finding that petitioners had not appealed the final judgment.[2]

Petitioners then filed a petition for rehearing in which they asserted that they had in fact appealed the final judgment. Before a decision was handed down, this Court decided the case of *Link v. School District of Pickens County*, 302 S.C. 1, 393 S.E. (2d) 176 (1990). Petitioners brought *Link* to the attention of the Court of Appeals, as petitioners believed that *Link* eliminated the need to appeal the final judgment.

The Court of Appeals issued another memorandum opinion,[3] replacing the previous opinion, which granted petitioners' motion for rehearing, but which dismissed the appeal on the basis that *Link* was distinguishable and that in this case, petitioners had not appealed the final judgment. We granted petition-

---

[2] *Lancaster v. Fielder*, Memorandum Opinion No. 90-MO-076 (Ct. App. filed April 23, 1990).

[3] See *supra,* footnote number one.

ers' petition for writ of certiorari to review the decision of the Court of Appeals.

## II. DISCUSSION

The Court of Appeals' second memorandum opinion dismissing petitioners' appeal was based entirely upon an analysis of *Link;* the Court of Appeals determined that *Link* was distinguishable, and that under the facts of this case, the petitioners' failure to appeal the final judgment mandated the dismissal of the appeal. However, we find that the Court of Appeals' analysis of *Link* was unnecessary, and that its reliance upon *Link* to dismiss petitioners' appeal was misplaced.

The issue presented in *Link* involved the appellate jurisdiction of this Court under S.C. Code Ann. § 14-3-330 (1976). Section 14-3-330 delineates which judgments, decrees, or orders are appealable to the Supreme Court. It provides, in pertinent part, that:

> The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
>
> (1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, *that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from.* ... (Emphasis added.)

In *Link*, we held that under Section 14-3-330(1), a party need not challenge the final judgment itself in order to contest an intermediate judgment. Thus, if there is a final judgment, and the party timely files his notice of intent to appeal from that judgment, under Section 14-3-330(1) this Court can review any intermediate order or decree necessarily affecting the judgment not before appealed from. Here, petitioners' notice of intent to appeal was timely and the denial of petitioners' motion for a new trial constituted a final judgment. Furthermore, we find that an order transfer-

ring venue is an order which necessarily affects the judgment. Thus, in this case, petitioners have appealed the final judgment in accordance with the requirements of Section 14-3-330.

Although we conclude that petitioners did appeal the final judgment, we affirm the decision of the Court of Appeals as we conclude that the trial judge did not abuse his discretion in granting respondent's motion to transfer venue. Petitioners first contend that the trial judge erred in transferring venue because he applied the wrong legal standard in determining that venue should be transferred. We disagree.

We recognize that a defendant has a substantial right to be tried in the county where he resides, and that his right is not to be lightly ignored. However, S.C. Code Ann. § 15-7-100(2) (1976) provides that venue can be transferred where there is reason to believe that a fair and impartial trial cannot be had. Respondent's motion for a change of venue was based on the ground that an impartial jury could not be obtained in Union County. Although the trial judge did not articulate his decision in those exact words, it is nonetheless clear that Section 15-7-100(2) was the basis of his decision. The trial judge stated that he was of the opinion that the interest of justice "would be served by moving the venue to obtain a jury that would be free from any outside relationships or knowledge about the subject matter of this case." Implicit in this statement is the finding that respondent could not obtain an impartial jury in Union County. Accordingly, we reject the contention that the trial judge utilized the wrong legal standard in deciding to transfer venue.

Petitioners next contend that the trial judge abused his discretion in transferring venue because there was no evidence supporting the transfer. We disagree.

A motion for change of venue is addressed to the sound discretion of the trial judge and will not be disturbed by the reviewing court except upon a clear showing of abuse of discretion amounting to manifest error of law. *Oswald v. Southern Farm Bureau Casualty Ins. Co.*, 248 S.C. 433, 150 S.E. (2d) 612 (1966). There are several reasons why the trial judge may have decided to transfer venue. First, eight jurors were seated who had direct or indirect relationships with Dr. Fielder. Furthermore, it was later discovered that two other

jurors who were seated had connections with Wallace Thomson Hospital. Finally, the jury was unable to agree, resulting in a mistrial. It could have been the culmination of all of these factors which caused the trial judge to decide to transfer venue. Based on the foregoing, we cannot conclude that the trial judge abused his discretion in finding that a transfer of venue was necessary in order to obtain an impartial jury.

In sum, although we agree with the result attained by the Court of Appeals, we conclude that petitioners' appeal should have been dismissed on the ground that the trial judge did not abuse his discretion in transferring venue.

Affirmed as modified.

CHANDLER, FINNEY and TOAL, JJ., concur.

GREGORY, C.J., dissents in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent.

Under S.C. Code Ann. § 15-7-100(2) (1976), a trial judge may grant a change of venue "when there is reason to believe a fair and impartial trial cannot be had." The standard to be applied is strict and the burden on the moving party formidable. *Davenport v. Summer*, 269 S.C. 382, 237 S.E. (2d) 494 (1977). The fact that inappropriate jurors were seated at the first trial which ended in mistrial is not dispositive of the issue whether an impartial trial is unavailable in Union County. Prospective jurors at a retrial could be screened on voir dire for disqualifying relationships to either petitioner. I disagree with the majority's conclusion on the change of venue issue as a ground for affirming the Court of Appeals' decision. I would reverse the Court of Appeals' decision dismissing petitioners' appeal and remand for it to consider the issue of change of venue.