**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Suzanne Silverman, Respondent,

v.

Ride Away Motors LLC, Chris Woodbury, and Trey Cooper, Individually and/or d/b/a Ride Away Motors, LLC, Defendants,

Of Whom Chris Woodbury is the Appellant.

Appellate Case No. 2023-001705

———————

Appeal From Florence County
George M. McFaddin, Jr., Circuit Court Judge
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-283
Submitted June 1, 2026 – Filed June 10, 2026

———————

**AFFIRMED**

———————

Chris Woodbury, of Timmonsville, pro se.

John Charles Ormond, Jr., of Ormond/Dunn, of Columbia, for Respondent.

———————

**PER CURIAM:** Chris Woodbury appeals circuit court orders dismissing his motion to change venue and granting default judgment in favor of Suzanne Silverman on causes of action for breach of contract, fraudulent misrepresentation, a violation of the South Carolina Unfair Trade Practices Act,[1] and vicarious liability against Woodbury, Trey Cooper, and Ride Away Motors, LLC (Ride Away Motors).[2] On appeal, Woodbury argues the court abused its discretion by dismissing his motion to change venue from Florence County because Ride Away Motors had its principal place of business in Williamsburg County.[3] We affirm pursuant to Rule 220(b), SCACR.

We hold the court did not abuse its discretion in dismissing Woodbury's motion to change venue because Woodbury failed to present a prima facie showing that supported a change of venue. *See Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 94, 282 S.E.2d 858, 859 (1981) ("A motion for change of venue is addressed to the sound discretion of the trial [court], whose ruling will not be disturbed unless it appears that manifest legal error was committed."); *id.* ("The burden of proof is on the moving party, who must show both the convenience of witnesses and the ends of justice would be promoted by the change of venue."); *Stevens v. Sun News*, 267 S.C. 63, 67, 226 S.E.2d 236, 238 (1976) (explaining that when a party fails to "make out a prima facie showing supporting a change of venue . . . it [is] unnecessary to decide whether the exercise of the trial [court]'s discretion was controlled by a misconstruction of the applicable law"). Although Ride Away Motors had its principal place of business in Williamsburg County, both Woodbury and Cooper resided within Florence County. Therefore, because two of the three defendants in the action resided in Florence County, Silverman had a choice of venue between Florence County and Williamsburg County when she filed her action. *See* S.C. Code Ann. § 15-7-30(B) (Supp. 2025) ("If there is

---

[1] S.C. Code Ann. § 39-5-10 to -890 (2023 & Supp. 2025).

[2] Woodbury is not challenging the order granting default judgment.

[3] We address only the issue set forth in Woodbury's initial brief because Woodbury raised new issues in his final brief and initial reply brief in violation of Rule 211(b) of the South Carolina Appellate Court Rules and case law. *See* Rule 211(b), SCACR (requiring the parties' final briefs be identical to their initial briefs except for the revision or addition of references to the record on appeal and the correction of typographical errors); *State v. Wakefield*, 323 S.C. 189, 191, 473 S.E.2d 831, 832 (Ct. App. 1996) ("[A]ll issues must be argued in the initial briefs."); *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use . . . the reply brief as a vehicle to argue issues not argued in the appellant's brief.").

more than one defendant, the action may be tried in any county where the action properly may be maintained against one of the defendants pursuant to this section."); *Deese v. Williams*, 236 S.C. 292, 296, 113 S.E.2d 823, 825 (1960) ("[I]f there [are] two defendants in a transitory action, one corporate and the other individual, resident in different counties, the plaintiff has the same choice of venue that would have been available to him had both defendants been natural persons."). Furthermore, the only reason Woodbury gave to support his motion to change venue was that Ride Away Motors had its principal place of business in a different county which, alone, was insufficient to support a change of venue. *See Jeter v. S.C. Dep't of Transp.*, 369 S.C. 433, 442, 633 S.E.2d 143, 148 (2006) ("Where an action is properly commenced in any one of two or more venues and is properly brought in one of such venues, it is removable to the other proper venue only if there exists some statutory ground for removal other than the bringing of suit in the wrong venue." (quoting 92A C.J.S. *Venue* § 157 (2000))).

**AFFIRMED.**[4]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.